IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE DIRECT INSURANCE COMPANY
d/b/a PROGRESSIVE NORTHERN INSURANCE
COMPANY,
    Plaintiff,

v.                                                                                     Cause No.   1:19-cv-00864 -JHR-LF

MESHA L. GERKEN,
    Defendant,

and

MESHA L. GERKEN
    Counter-Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY
d/b/a PROGRESSIVE NORTHERN INSURANCE
COMPANY,
    Counter-Defendant,

and

MESHA L. GERKEN, BRENDAN STARKEY and
HEATHER STARKEY,
    Third-Party Plaintiffs,

v.

DOMENIC CHARLES MILES, and PROGRESSIVE
DIRECT INSURANCE COMPANY d/b/a
PROGRESSIVE NORTHERN INSURANCE
COMPANY,
    Third-Party Defendants.

**THIRD-PARTY DEFENDANT DOMENIC CHARLES MILES MOTION TO DISMISS
THIRD-PARTY COMPLAINT DUE TO VIOLATION OF THE
APPLICABLE STATUTE OF LIMITATIONS**

      Third-Party Defendant Domenic Charles Miles (hereinafter, "Third-Party Defendant" or

"Defendant"), by and through his attorneys, DEGRAAUW LAW FIRM, P.C. (J. Andrew deGraauw

and Bryan M. Rowland), pursuant to Fed. Rule Civ. Proc. 12(b)(6) and NMSA § 37-1-8, in lieu of his answer, respectfully moves the Court to dismiss Third-Party Plaintiffs' claims against him, as set forth in Third-Party Plaintiffs' Verified Answer to First Amended Complaint, Amended Counter-Complaint and Third-Party Complaint (hereinafter "Third-Party Complaint")[1] and as grounds in support thereof, states as follows:

## INTRODUCTION

This case arises out of a series of incidents that occurred on October 12, 2015 in Albuquerque, New Mexico. These events began with Third-Party Plaintiff Mesha Gerken driving a white, 2002 Chevrolet 3500 van and turning eastbound onto Zuni Road SE. In her vehicle was her son, Third-Party Plaintiff Brendan Starkey, riding in the front passenger seat, and her daughter, Third-Party Plaintiff Heather Starkey, riding in the rear passenger seat. Third-Party Defendant Miles was driving a 2013 Kawasaki KLX250S motorcycle and was eastbound on Zuni Road SE.

As Third-Party Plaintiff Gerken turned onto Zuni Road SE, she "cut" the Defendant off. What happened next was an escalated road rage incident where Third-Party Plaintiffs Gerken, Brendan, and Heather had an altercation with Third-Party Defendant that turned physical, resulting in alleged injuries to Brendan and Defendant. After this initial altercation, Defendant fled to his home, with Third-Party Plaintiffs in pursuit. After escaping the Plaintiffs and arriving home, he assessed the injuries received to his arm, which were sustained after being struck with a blunt object purported by Third-Party Plaintiffs to have been a pipe wrench and decided to drive his motorcycle to the emergency room. On the way to the emergency room, and by circumstance, Defendant again encountered Third-Party Plaintiffs, this time at San Mateo Blvd. and Bell Ave.

---

[1] This Motion is intended to constitute a limited entry of appearance and should not be construed to waive any defenses, including in particular improper service of process.

This encounter again escalated, resulting in Gerken driving her van into Defendant's motorcycle, then driving over his motorcycle, finally resting on the sidewalk, with Defendant's motorcycle pinned underneath Gerken's van. Fortunately, Defendant reacted quickly to the dangerous and reckless maneuver by Gerken and was able to jump off of his motorcycle without receiving any additional injuries.

Defendant made a claim for personal injuries and property damage with his insurance company, Plaintiff and Counter-Defendant Progressive Direct Insurance Company (hereinafter "Progressive"). After reviewing Defendant's first-party claim, Progressive settled the claim and paid out a lump sum to Defendant. *See generally* First Amended Complaint for Money Due in Subrogation. Progressive then filed a Complaint For Money Due in Subrogation against Third-Party Plaintiff Mesha Gerken on May 10, 2018. *See generally* Complaint for Money Due in Subrogation. Third-Party Plaintiff Gerken then filed a *pro se* Answer To Civil Complaint and Counter-Claim Against Plaintiff on July 11, 2018, where she lists Third-Party Plaintiffs Brendan Starkey and Heather Starkey as co-litigants/defendants in the caption and list various allegations and damages sought solely against Progressive. *See generally* Answer to Civil Complaint and Counterclaim Against Plaintiff.

It was not until July 7, 2019, beyond the Statute of Limitations[2], that Third-Party Plaintiffs Mesha Gerken, Brendan Starkey, and Heather Starkey filed a Third-Party Complaint against Third Party Defendant Miles. *See generally* Verified Answer to First Amended Complaint, Amended Counter-Complaint. Third-Party Plaintiffs had to file their individual allegations against Third-party Defendant Miles no later than October 12, 2018 to preserve/maintain a claim against

---

[2] A plaintiff must file suit against any defendant for personal injury within three years of accrual of the action. *See* NMSA § 37-1-8 (stating the three-year statute of limitations for personal injury); *See also Mantz v. Follingstad,* 84 N.M. 473, 478-79, 505 P.2d 68 73-74 (Ct. App.1972).

Defendant and they failed to do so by a margin of nearly ten (10) months. Accordingly, Third-Party Defendant Miles is entitled to dismissal of Third-Party Plaintiffs' claims for violation of the applicable Statute of Limitations.[3]

## STANDARD OF REVIEW

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*. To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); see also Bixler v. Foster, 596 F.3d 751, 756 (10th

---

[3] Defendant has filed a similar Rule 12(b)(6) Motion to Dismiss Third-Party Claims by Third-Party Plaintiff's Mesha Gerken, Brendan Starkey, and Heather Starkey in Case No.: 1:19-cv-00860. Defendant will also be moving to consolidate these two cases, as the facts and allegations against Defendant are identical in both.

Cir. 2010). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

Significantly, where "the complaint shows on its face that the action has not been instituted within the statutory period," the issue may be resolved by a motion to dismiss. *Rohner v. Union Pac. R.R. Co.*, 225 F.2d 272, 274 (10th Cir. 1955). "[A]lthough a statute of limitations bar is an affirmative defense; it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 412-13 (10th Cir. 2013) (unpublished) (*quoting Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). "When a party has asserted a statute of limitations issue in a rule 12(b)(6) motion, a court accepts all well-pled factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run." *Anderson Living Trust v. WPX Energy Prod.*, LLC, 27 F. Supp. 3d 1188, 1213 (D.N.M. 2014).

## ARGUMENTS AND AUTHORITIES

As noted above, Third-Party Plaintiffs filed their Third-Party Complaint beyond the applicable Statute of Limitations (and of course, the Statute did not toll as a result of any preceding filings, as this Third-Party Defendant was not named in the Complaint, Counter-Complaint, or Amended Complaint). A plaintiff must file suit against any defendant for personal injury within three years of accrual of the action. *See* NMSA § 37-1-8 (stating the three-year statute of limitations for personal injury); *See also Mantz,* 84 N.M. at 478-79, 505 P.2d at 73-74.

Because the alleged incidents giving rise to the Third-Party Plaintiffs' damages took place on October 12, 2015, they had until October 12, 2018 to file their Complaint naming this Defendant; their Third-Party Complaint (finally naming this Defendant) was not filed until July 7, 2019. Accordingly, this Third-Party Defendant is entitled to dismissal of Third-Party Plaintiffs' claims

5

for violation of the applicable Statute of Limitations.

**WHEREFORE**, this Third-Party Defendant requests that the Court enter an Order dismissing Third-Party Plaintiffs' claims against him as set forth in Third-Party Plaintiffs' Third-Party Complaint, for violation of the applicable Statute of Limitations, for costs associated with this Motion, and for any and all further relief the Court deems just and proper.

                          Respectfully submitted,

                          **DEGRAAUW LAW FIRM, P.C.**

By:    */s/   Bryan M. Rowland*
           J. Andrew deGraauw
           Bryan M. Rowland
           *Attorneys for Defendant Miles*
           316 Osuna Road, NE - Suite 302
           Albuquerque, NM 87107
           (505) 322-2144
           drew@dglawfirmpc.com
           bryan@dglawfirmpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 25, 2019, I filed the foregoing pleading electronically through the CM/ECF, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

David Z. Ring
AEQUITAS LAW OF NEW MEXICO
5901 Wyoming Blvd. NE, Ste. J-300
Albuquerque, NM 87109
Phone: (505) 263-8929
dave@aequitas.pro

Richard Padilla
O'BRIEN & PADILLA, P.C.
6000 Indian School Road, NE Ste. 200
Albuquerque, NM  87110
(505) 883-8181
rpadilla@obrienlawoffice.com

James J. Eufinger
Jonathan L. Schoener
FARBER AND BRAND, L.L.C.
PO Box 10110
Columbia, MO  65205
nm.fandb1@fnbnotices.com
jje@faberandbrand.com


 /s/  Bryan M.  Rowland
J. Andrew deGraauw
Bryan M. Rowland