IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,**
                      **Plaintiff,**

v.                                                  1:19-CV-2019-00864-JHR-LF

**MESHA L. GERKEN,**
                      **Defendant,**

and,

**MESHA L. GERKEN,**
                  **Counter-Plaintiff,**

v.

**PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,**
                  **Counter-Defendant,**

and,

**MESHA GERKEN, BRENDAN STARKEY,
and HEATHER STARKEY,**
                  **Third-Party Plaintiffs,**

v.

**DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE
COMPANY, d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,**
                  **Third-Party Defendants.**

## MOTION TO REMAND AND FOR COSTS

Defendant/Counter-Plaintiff/Third-Party Plaintiff Mesha L. Gerken, Third-Party Plaintiff Brendan Starkey and Third-Party Plaintiff Heather Starkey (hereinafter "the Gerken-Starkey Family"), through counsel, Aequitas Law of New Mexico, LLC (David Z. Ring), hereby move this court to enter into an order remanding this action to the Second Judicial District Court and for costs in preparing this Motion.

## **RELEVANT FACTS**

1. On May 15th, 2018, Plaintiff/Counter-Defendant/Third-Party Defendant Progressive Direct Insurance Company, d/b/a Progressive Northern Insurance Company, (hereinafter "Progressive") filed a lawsuit against Defendant/Counter-Plaintiff/Third-Party Plaintiff Mesha L. "Garken" (*sic*) (hereinafter "Ms. Gerken"), selecting the Second Judicial District Court as their preferred forum. *See* Case No. D-202-CV-2018-03651, removed to the federal court under the above-captioned case number.

2. On July 11th, 2018, Ms. Gerken answered the complaint and timely-asserted counterclaims and third party claims *pro se*.

3. Despite her answer, Progressive filed a motion for default judgment against Ms. Gerken in August 2018, which was appropriately denied by the state district court on September 7th, 2018.

4. Ms. Gerken filed various *pro se* motions, which were denied by the state district court.

5. Ms. Gerken and Progressive filed witness and exhibit lists in the state district court.

6. Progressive propounded discovery request upon Ms. Gerken, which she answered.

7. On October 11th, 2018, Ms. Gerken filed a separate lawsuit against tortfeasor, Progressive's insured, and Third-Party Defendant Domenic Charles Miles (hereinafter "Mr. Miles") within the limitations period and made several attempts to serve him at his last known address. *See* Second Judicial District Court Case No. D-202-CV-2018-07455, removed to the federal court under case number 1:19-CV-00860-LF-SCY.

8. The state district court judge retired and in three months the matter was reassigned to another judge.

9. Undersigned counsel entered his appearance in both state court actions in April 2019.

10. Progressive's then-counsel (Jonathan Shoener of Faber & Brand, LLC) and undersigned counsel mutually consented to the amendment of the pleadings.

11. Progressive amended its complaint. Ms. Gerken amended her answer, counter-claims and third party claims. Among other things, both parties amended the case caption to refer to the correct parties to the suit.

12. Progressive sought summary judgment against Ms. Gerken while simultaneously refusing to accept service for their insured, who had relocated out-of-state. The district court denied its motion as premature and without prejudice to renew.

13. An attorney purporting to represent Domenic Charles Miles (Andrew Degrauuw) contacted undersigned counsel and requested his position on a motion to remove *only* the *Gerken v. Miles* state court action, Second Judicial District Court Case No. D-202-CV-2019-07455, which is not the case before the Court.

14. Counsel responded that the case to which Mr. Degrauuw referred was not removable, despite what Mr. Degrauuw represented to the Court in ¶ 3 of his Notice of Removal. Counsel for Domenic Miles has not inquired as to the instant matter.

15. Because Mr. Miles' attorney refused to enter his appearance, Domenic Charles Miles was eventually, personally served on August 19th, 2019 in Portland, Oregon by an out-of-state private investigator.

16. Defendant Mesha L. Gerken did not consent to removal.

17. The Gerken-Starkey family requested the state district court to consolidate the two state actions prior to Mr. Miles' Notice of Removal. Mr. Miles remains a third party defendant.

18. Mr. Miles filed his Notice of Removal to this Court on September 18th, 2019.

## ANALYSIS

I. **THE LAW REQUIRES THAT THIS CASE BE REMANDED**

A. ***The U.S. Supreme Court has Inarguably Ruled that Third-party Defendants, such as Mr. Miles, Are Not Permitted to Remove. The Notice of Removal was Filed in Contravention to Black Letter Law.***

In *Home Depot USA v. Jackson*, the U.S. Supreme Court ruled that the general removal provision, 28 U.S.C. §1441(a), does not permit a third-party counterclaim defendant to remove a claim from state to federal court, even where those parties are brought into the lawsuit for the first time by the counterclaim.[1] *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1747, 204 L. Ed. 2d 34 (2019), *reh'g denied, Home Depot U.S.A., Inc. v. Jackson*, 2019 WL 3538074 (U.S. Aug. 5, 2019). *Jackson, Id.,* is fatal to Third-party Defendant Dominic Miles' attempt to remove this case. In *Jackson*, the operative facts are: in June 2016, Citibank NA filed a debt-collection action against George Jackson in North Carolina state court alleging he was liable for charges incurred on a Home Depot credit card. Mr. Jackson filed a counterclaim against Citibank and third-party class action claims against Atlanta-based Home Depot and Charlotte, North Carolina-based Carolina Water Systems Inc. Mr. Jackson alleged there was a scheme between Home Depot and Carolina Water Systems to induce homeowners to buy water treatment systems at inflated prices. Citibank dismissed its claim against Mr. Jackson in September 2016. A month later, Home Depot filed a notice to remand the case to federal court. Mr. Jackson, who removed any reference to Citibank in the litigation, moved to remand the case back to state court. The U.S. District Court in

---

[1] The Supreme Court also ruled that the removal provision in the Class Action Fairness Act of 2005, §1453(b) does not permit removal by a third-party defendant. That provision is not applicable to the instant case.

Charlotte approved Mr. Jackson's motion, which was subsequently upheld by the 4th U.S. Circuit Court of Appeals in Richmond, Virginia. *Id*.

> The Court was unequivocal in its opinion, clarifying previously unclear precedent:
>
> Finally, our decision in *Shamrock Oil* suggests that third-party counterclaim defendants are not "the defendant or the defendants" who can remove under § 1441(a). Shamrock Oil held that a counterclaim defendant who was also the original plaintiff could not remove under § 1441(a)'s predecessor statute. 313 U. S. at 106–109, 61 S.Ct. 868. We agree with Home Depot that Shamrock Oil does not specifically address whether a party who was not the original plaintiff can remove a counterclaim filed against it. And we acknowledge, as Home Depot points out, that a third-party counterclaim defendant, unlike the original plaintiff, has no role in selecting the forum for the suit. But the text of § 1441(a) simply refers to "the defendant or the defendants" in the civil action. If a counterclaim defendant who was the original plaintiff is not one of "the defendants," we see no textual reason to reach a different conclusion for a counterclaim defendant who was not originally part of the lawsuit.

*Id*., 139 S. Ct. at 1749. In affirming the 4th Circuit's ruling that, in turn, affirmed the district court's decision to grant remand, the Supreme Court removed any doubt that third-party Defendants such as Mr. Miles cannot remove an action from state court. The Court held that neither the general removal provision nor the Class Action Fairness Act removal provision "allows a third-party counterclaim defendant — that is, a party brought into a lawsuit through a counterclaim filed by the original defendant — to remove a counterclaim against it" to federal court." Id., 139 S. Ct. at 1745–46. The Court ruled that third-party Defendants do not have the right to seek removal because the term "defendant" in these statutes "refers only to the party sued by the original plaintiff." *Id*.

### B. *The Party Seeking Remand, Is Entitled to a Presumption against Removal*

Because federal courts are courts of limited jurisdiction, there is a presumption against removal. *Tres Lotes LLC v. BNSF Ry Co*., No. 14--CV--566--MV--WPL, 2014 WL 6621574, at *2 (D.N.M. Nov. 21, 2014) (citations omitted); *accord Lone Mountain Ranch, LLC v. Santa Fe*

*Gold Corp.*, 988 F. Supp. 2d 1263, 1265 (D.N.M. 2013) (*citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). In deciding whether removal is proper, courts strictly construe the removal statutes against finding jurisdiction, in recognition of "the states' important interest in the independence of their courts." *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1038 (D.N.M. 2011) (citation omitted). As the party asserting federal court jurisdiction, Third-party Defendant Dominic Miles bears the burden of proving all jurisdictional facts and establishing a right to removal. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Any doubt that may exist regarding the right to remove an action should be resolved against removal and in favor of remand to state court. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In light of the Supreme Court's decision in *Jackson*, *Id.*, Mr. Miles cannot meet this burden.

## II.  ATTORNEYS' FEES ARE APPROPRIATE UNDER THE CIRCUMSTANCES OF THIRD-PARTY DEFENDANT DOMINIC MILES' IMPROPER ATTEMPT TO REMOVE

Section 1447(c) allows a court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is committed to the discretion of the district court and does not depend on any finding that the removal was in bad faith. *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994). Rather, an award of fees is appropriate where the removing party had no objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Third-party Defendant Dominic Miles attempted to remove this case despite the U.S. Supreme Court having ruled that he had no right to do so. Third-party Defendants may not, as the Court clearly stated remove cases such as this and Mr. Miles and his counsel either ignored the law on this subject or failed to research the law before filing to remove. In either event, the attempt to remove flew in the face of clear precedent. As Mr. Miles had no objectively reasonable basis

6

for removing this case, he should be required to pay for the expense his improper attempt to remove has caused.

The nature of this Motion obviates the need to request the position of opposing parties.

### III.    CONCLUSION

For the reasons set forth above, including the Supreme Courts unequivocal ruling in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1747, 204 L. Ed. 2d 34 (2019), *reh'g denied, Home Depot U.S.A., Inc. v. Jackson*, 2019 WL 3538074 (U.S. Aug. 5, 2019), Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Mesha Gerken, Brendan Starkey and Heather Starkey respectfully submits that this Court is without jurisdiction to hear this action and should issue an order of remand. Pursuant to 28 U.S.C. § 1447, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Mesha Gerken, Brendan Starkey and Heather Starkey also move for payment of just costs and any actual expenses, including attorney fees, incurred as a result of the improper attempt to remove this case.

**WHEREFORE**, for the reasons set forth above, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Mesha Gerken, Brendan Starkey and Heather Starkey respectfully requests that its Motion for Remand and for Costs be granted in its entirety.

Respectfully Submitted,
**AEQUITAS LAW OF NEW MEXICO, LLC**

"Electronically Filed"
/s/ David Z. Ring
Attorneys for Plaintiffs
5901 Wyoming Blvd NE Suite J-300
Albuquerque, NM 87109
(505) 263-8929
dave@aequitas.pro

## **CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that counsel of record for Plaintiff has been served a copy of the foregoing document through the Court's CM/ECF electronic document filing and delivery service on the date indicated in the Court-affixed header.

**"Electronically Filed"**
/s/ David Z. Ring
David Z. Ring