**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PROGRESSIVE   DIRECT   INSURANCE
COMPANY     d/b/a     PROGRESSIVE
NORTHERN INSURANCE COMPANY,
                                    **Plaintiff,**

v.                                                          No. 1:19-CV-00864-JHR-LF


MESHA L. GERKEN,
                                            **Defendant,**

and,

MESHA L. GERKEN,
                                **Counter-Plaintiff,**

v.

PROGRESSIVE   DIRECT   INSURANCE
COMPANY     d/b/a     PROGRESSIVE
NORTHERN INSURANCE COMPANY,
                                    **Counter-Defendant,**

and,

MESHA GERKEN, BRENDAN STARKEY,
and HEATHER STARKEY,
                                **Third-Party Plaintiffs,**

v.

DOMENIC     CHARLES     MILES    and
PROGRESSIVE   DIRECT   INSURANCE
COMPANY,     d/b/a     PROGRESSIVE
NORTHERN INSURANCE COMPANY,
                                **Third-Party Defendants.**


## RESPONSE IN OPPOSITION TO MOTION TO DISMISS BY THIRD-PARTY DEFENDANT DOMENIC MILES

Defendant/Counter-Plaintiff/Third-Party Plaintiff Mesha L. Gerken, Third-Party Plaintiff

Brendan Starkey and Third Party Plaintiff Heather Starkey (hereinafter the "Gerken-Starkey

Family"), through counsel, Aequitas Law of New Mexico, LLC (David Z. Ring), for their

Response in Opposition to Third-Party Defendant Domenic Miles' Motion to Dismiss, aver as follows:

**FACTUAL BACKGROUND**

Third-Party Defendant Domenic Miles correctly asserted that a "plaintiff must file suit against any defendant for personal injury within three years of accrual of the action," Mot. at p. 5 (*citing* NMSA 1978, § 37-1-8).  Defendant goes on to argue that "[b]ecause the alleged incidents giving rise to the Third-Party Plaintiffs' damages took place on October 12, 2015, they had until October 12, 2018 to file their Complaint naming this Defendant; their Third-Party Complaint […] was not filed until July 7, 2019. Accordingly, this Third-Party Defendant is entitled to dismissal of Third-Party Plaintiffs' claims." *Id*. For the reasons set forth herein, Third-party Defendant's Motion should be denied.

**ANALYSIS**

I.      ***The Court should Not Consider the Motion to Dismiss Until it has Ruled on the Pending Motion to Remand.***

The Gerken-Starkey Family incorporate by reference the arguments presented in the Motion to Stay, filed concurrently herewith. For the reasons set forth therein, the Court should reserve ruling on the Motion to Dismiss until it has determined that the instant case is properly before it. This is particularly true given that the standard for judging the sufficiency of the Complaint is different under New Mexico's "notice pleading" jurisprudence and this Court's "plausibility" standard. *Valles v. Silverman*, 2004-NMCA-019, ¶ 18, 135 N.M. 91, 84 P.3d 1056 (stating that New Mexico's "standard is one of notice pleading: 'general allegations of conduct are sufficient, as long as they show that the party is entitled to relief and are sufficiently detailed to give the parties and the court a fair idea of the plaintiffs complaint and the relief requested.")

2

## II.   Third-Party Defendant Ignores the Effect of the Filing of Mesha Gerken, Brendan Starkey and Heather Starkey's Original Complaint against Domenic Miles and Progressive on the Limitations Period.

Third-Party Defendant would like the Court to solely consider the Verified First Amended Complaint which has a section entitled "Third Party Complaint" in one of two state cases in order to calculate the requisite filing deadline. However, the limitations period in which claims could be brought against Domenic Miles was extended by the filing of the original *pro se* Complaint in a related action filed by Plaintiffs Mesha Gerken, Brendan Starkey and Heather Starkey (Second Judicial District Court Case No. D-202-CV-2018-07455). This filing, which is subject to a separate removal claim, included claims of harm by Domenic Miles against each Plaintiff—including Mr. Miles' closed fist strike against a minor child restrained in his seat, Brendan Starkey. While the *pro se* Complaint had some technical problems, it fairly placed Domenic Miles on notice of the claims made against him by each of the Plaintiffs therein. And its filing tolled the limitations period, as did his incapacity. Again, should the Court grant the Motion to Remand, the state court will be asked to rule on the effect of the other case filing on the limitations period under the more lenient "notice-pleading" standard.

## III.   Third-Party Defendant Ignores the Fact that the Limitations Period for Fraud (Count IX) in Mesha Gerken, Brendan Starkey and Heather Starkey's Complaint against Domenic Miles and Progressive has a Four-Year Limitations Period from the Date Discovered.

As agreed above, the limitations period for personal injury resulting from negligence is three years. However, the limitations period for fraud, as alleged in Count IX of the Amended Complaint is four (4) years. NMSA 1978, § 37-1-4. The July 7, 2019 filing of the amended complaint fell within the four (4) year statute of limitations. Count IX is not subject to dismissal based upon the limitations period.

**IV.**   **Third-Party Defendant Ignores the Fact that the Limitations Period for Property Damage included in Count IV and Count V in Mesha Gerken, Brendan Starkey and Heather Starkey's Complaint against Domenic Miles has a Four-Year Limitations Period.**

Although the personal injury claims in Counts IV and Counts V are subject to a three (3) year limitations period, the property damage claims made therein are subject to a four (4) year limitation. NMSA 1978, § 37-1-4. The property damage portions of Counts IV and V are not subject to dismissal based upon the limitations period.

**V.**   **At the time that the Cause of Action Accrued Third-Party Defendant was a Resident of New Mexico. He thereafter Vacated Himself from the State thereby Tolling the Limitations Period.**

Although the personal injury claims against Domenic Miles are *generally* subject to a three-year limitations period, only the period of time during which Mr. Miles remained in New Mexico is included. That is, when a resident of New Mexico vacates the state prior to the expiration of a limitations period, the time during which he or she is not customarily present in the state is not included in the calculation of the limitations period. NMSA 1978, § 37-1-9; *Lindauer Mercantile Co. v. Boyd*, 1902, 11 N.M. 464, 70 P. 568 (If defendant, who was a resident of the state at the time a cause of action accrues, removes himself from New Mexico, the time during which he is a non-resident shall not be included in computing limitations). Having departed from New Mexico after the accrual, but before the expiration of the limitations period, Domenic Miles may not seek dismissal on the basis of the expiration of the limitations period. *Heisel v. York*, 1942, 46 N.M. 210, 125 P.2d 717 (In determining whether action on a note was barred by the New Mexico 6-year statute of limitations, the time both the payee and maker lived in Texas could not be added to the time they both resided in New Mexico, since during such period, the maker was "out of the state" so as to toll the running of the statute of limitations).

### VI.   The filing of the Complaint in the related case on October 11, 2018 may be considered in determining the effective limitations period under NMSA 1978, § 37-1-14.

Although the filing in *Mesha Gerken, et al., v. Dominic Charles Miles, et al.* has not yet been dismissed, the Amended Complaint in this case may still be considered a "continuation" thereof under § 37-1-14 such that the October 11, 2018 filing should be consider the operative date for the claims made against all Defendants.

**WHEREFORE**, The Gerken-Starkey Family requests that the Court delay consideration of the Motion to Dismiss until after the Court has considered the pending Motion to Remand or, in the alternative, that the Court deny the Motion as set forth herein.

Respectfully Submitted,
**AEQUITAS LAW OF NEW MEXICO, LLC**

**"Electronically Filed"**
/s/ David Z. Ring
Attorneys for Mesha L. Gerken, Brendan Starkey, and Heather Starkey
5901 Wyoming Blvd NE Suite J-300
Albuquerque, NM 87109
(505) 263-8929
dave@aequitas.pro

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that counsel of record for Plaintiff has been served a copy of the foregoing document through the Court's CM/ECF electronic document filing and delivery service on the date indicated in the Court-affixed header.

**"Electronically Filed"**
/s/ David Z. Ring
Attorney for Mesha L. Gerken, Brendan Starkey, and Heather Starkey