IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,
    Plaintiff,

v.                                                                                                                                                     Cause No.   1:19-cv-00864 -JHR-LF

MESHA L. GERKEN,
    Defendant,

and

MESHA L. GERKEN
    Counter-Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,
    Counter-Defendant,

and

MESHA L. GERKEN, BRENDAN STARKEY and HEATHER STARKEY,
    Third-Party Plaintiffs,

v.

DOMENIC CHARLES MILES, and
PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,
    Third-Party Defendants.

**THIRD-PARTY DEFENDANT DOMENIC CHARLES MILES'S RESPONSE
TO THIRD-PARTY PLAINTIFFS' MOTION TO ACCEPT RESPONSE
TO MOTION TO DISMISS AS TIMELY-FILED**

**COMES NOW**, Third-Party Defendant DOMENIC CHARLES MILES, by and through his attorneys, DEGRAAUW LAW FIRM, P.C. (J. Andrew deGraauw and Bryan M. Rowland), and hereby submits his Response to Third-Party Plaintiffs' Motion to Accept Response to Motion to Dismiss as Timely-Filed.  In support of his Response Third-Party Defendant states as follows:

On September 25, 2019, Third-Party Defendant Domenic Charles Miles filed a Motion to Dismiss Third-Party Complaint Due to Violation of the Applicable Statute of Limitations.  *See generally* Third-Party Defendant Domenic Charles Miles' Motion to Dismiss Third-Party Complaint Due to Violation of the Applicable Statute of Limitations.  Local Rule 7.4(a) requires a response to be served and filed within fourteen (14) calendar days after service of the motion.  *See* D.N.M.LR-Civ. 7.4.  Based upon the local rule, Third-Party Plaintiffs' response to Third-Party Defendant Miles's motion was due on October 9, 2019.  Third-Party Plaintiffs' counsel made no attempt to contact Third-Party Defendant's counsel to request an extension of time to serve and file a response.  On October 10, 2019, Third-Party Defendant Miles filed a Notice of Completion of Briefing and Request for Hearing, as the prescribed time for Third-Party Plaintiffs to file a response had expired and Third-Party Plaintiffs had not communicated any request for an extension of time.  Later in the evening of October 10, 2019, Third-Party Plaintiffs' Response was filed, along with the Motion in controversy here.

In Third-Party Plaintiffs' Motion, they seek to thwart the local rule by seeking an extension of time under Fed. R. Civ. P. 6(b)(1)(B) due to excusable neglect, under Fed. R. Civ. P. 6(b)(1)(B).  *See generally* Motion to Accept Response to Motion to Dismiss as Timely-Filed.  Third-Party Plaintiffs' counsel states in their Motion the excusable neglect to file a timely response was due to his office mistakenly calendaring the deadline for their response under the fifteen-day state rule.  Third-Party Plaintiffs further argue, incorrectly, that closing briefing on the Motion to Dismiss

would be tantamount to granting a default argument. Third-Party Defendant disagrees that Third-Party Plaintiffs' calendaring error was excusable neglect and that closing briefing would be akin to granting a default judgment.

Third-Party Defendant agrees with Third-Party Plaintiffs' argument that Federal Rules of Civil Procedure disfavors default judgment. However, we argue that following the rules laid out by this court does not create a default judgment in this case. Although filing a response outside of the time specified by a local rule results in a party waiving the right to file a response, this waiver does not relieve a court of its duty to rule on the motion's merits as prescribed by the rule the motion was brought under. *See generally Reed v. Bennett*, 312 F.3d 1190, 1196, (10th Cir. 1988) (noting that although a sanction was likely warranted for not filing a timely response for to a motion for summary judgement, the district court improperly granted summary judgement based solely on the violation of the local rule without considering the merits of the dispositive motion). Third-Party Plaintiffs' counsel admits in their Motion that the local rule requiring a response within fourteen days was violated. *See generally* Third-Party Defendant Domenic Charles Miles' Motion to Dismiss Third-Party Complaint Due to Violation of the Applicable Statute of Limitations. Under local rule 7.1 (b), a failure of a party to file a timely response constitutes to consent to grant the motion. But, as *Reed* explains, the court must still consider the motion on its merits under Rule 12(b)(6). Therefore, enforcement of the local rules does not equate to a default judgement as claimed by Third-Party Plaintiffs.

Third-Party Plaintiffs counsel's neglect to file a timely response should not be considered excusable neglect under Fed. R. Civ. P. 6(b)(1)(B), because the neglect was, by admission, a failure to follow the rule, not an excusable mistake or interpretation of the rule. The determination of what neglect will be considered excusable is an equitable one, which takes into account all relevant

circumstances, and clients my be held accountable for their attorney's acts and omissions. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 381, 113 S.Ct. 1489, 123 L.Ed.2d 74. Inadvertence, ignorance of the rules, or mistakes constituting the rules do not usually constitute excusable neglect, but excusable neglect is somewhat elastic and is not strictly limited to circumstances beyond the control of the movant. *See Id.*, at 382. *Pioneer* provided four factors to help guide what relevant circumstances surrounded the party's omission, which includes prejudice to the nonmoving party, length of delay, reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith. *See Id.*

Here, Third-Party Plaintiffs were in reasonable control of knowing and following the local rules of the court and Third-Party Defendant would be prejudiced by the delay caused by the Third-Party Plaintiffs' failure to provide a timely response. The very nature of Third-Party Defendant's Motion to Dismiss is centered around Third-Party Plaintiffs' failures to timely bring their causes of actions against Third-Party Defendant within applicable statutes of limitations. The continued failures of Third-Party Plaintiffs to litigate this action under the timetables established under statute and court rules continues to be a significant burden to Third-Party Defendant, as this case is now more than four years past when the events in question happened.

As discussed, Third-Party Defendant carries the burden of proving his motion, regardless of a timely filed response by Third-Party Plaintiffs. There is no reason to suggest that holding Third-Party Plaintiffs to the local rules would be tantamount to a default judgement. Third-Party Plaintiffs were fully capable of providing a response within the timeframe allowed by the court but failed to do so because of omissions fully within their control. Third-Party Defendant continues to be prejudiced by the delays and late filings in this case, and this untimely response would only

continue the unduly prejudice caused to Third-Party Defendant.  For these reasons, Third-Party Plaintiffs' Motion to Accept Response to Motion to Dismiss as Timely-Filed should be denied for its futility and its unduly prejudice caused to Third-Party Defendant.

**WHEREFORE**, Defendant prays the Court denies Third-Party Plaintiffs' Motion to Accept Response to Motion to Dismiss as Timely-Filed.

Respectfully submitted,

**DEGRAAUW LAW FIRM, P.C.**

By: ___***/s/ Bryan M. Rowland***___
J. Andrew deGraauw
Bryan M. Rowland
*Attorneys for Defendant Miles*
316 Osuna Road, NE - Suite 302
Albuquerque, NM 87107
Telephone: (505) 322-2144
drew@dglawfirmpc.com
bryan@dglawfirmpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019, I filed the foregoing pleading electronically through the CM/ECF, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

I also hereby certify that on October 24, 2019 the foregoing was e-mailed to the following:

David Z. Ring
AEQUITAS LAW OF NEW MEXICO
5901 Wyoming Blvd. NE, Ste. J-300
Albuquerque, NM 87109
Phone: (505) 263-8929
dave@aequitas.pro

Richard M. Padilla
Jeffrey M. Mitchell
O'Brien & Padilla, P.C.
6000 Indian School Rd. NE, Ste. 200
Phone: (505)883-8181
rpadilla@obrienlawoffice.com
jmitchell@obrienlawoffice.com


 */s/  Bryan M. Rowland*
J. Andrew deGraauw
Bryan M. Rowland