IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,
    Plaintiff,

v.                                                        Cause No.  1:19-cv-00864 -JHR-LF

MESHA L. GERKEN,
    Defendant,

and

MESHA L. GERKEN
    Counter-Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,
    Counter-Defendant,

and

MESHA L. GERKEN, BRENDAN STARKEY and HEATHER STARKEY,
    Third-Party Plaintiffs,

v.

DOMENIC CHARLES MILES, and
PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,
    Third-Party Defendants.

### DEFENDANT DOMENIC CHARLES MILES'S RESPONSE TO MOTION TO REMAND AND FOR COSTS

**COMES NOW**, Third-Party Defendant DOMENIC CHARLES MILES (hereinafter "Defendant"), by and through his attorneys, DEGRAAUW LAW FIRM, P.C. (J. Andrew deGraauw

and Bryan M. Rowland), and hereby submits his Response to Third-Party Plaintiffs' Motion to Remand and for Costs.  In support of his Response Defendant states as follows:

Defendant generally agrees with the timetable described by Third-Party Plaintiffs in their Motion.  However, Plaintiffs incorrectly state in Paragraph 2 of their Motion that Ms. Gerken timely-asserted third party claims on July 11, 2018.  *See* Third Party Plaintiffs' Motion to Remand and for Costs, at ¶ 2.  A reading of Ms. Gerken's filed answer and counterclaims against Progressive Insurance shows no mention or attempt to bring in Defendant as a third-party litigant in this suit.  *See generally* Answer to Civil Complaint and Counter-Claim Against Plaintiff, attached hereto as Exhibit "**A**".  In fact, the filing has a heading that states "Counter Claim Against Plaintiff".  *See Id.*  Clearly Third-Party Plaintiffs did not make an attempt to bring a third-party claim against Defendant until their July 7, 2019 Verified Answer to First Amended Complaint, Amended Counter-Complaint and Third-Party Complaint.  *See generally* Third-Party Plaintiffs' Verified Answer to First Amended Complaint, Amended Counter-Complaint and Third-Party Complaint, attached hereto as Exhibit "**B**".  This is further clarified again in the heading as of the filing where the counter-complaint is listed as being amended and the third-party complaint has no mention of being amended.  *See Id.*  If Plaintiffs truly believed a third-party complaint was being corrected or amended in the July 7, 2019 filing, then it would have been properly described as an amended third-party complaint.

From Plaintiffs own timeline, Defendant was first put on notice of a suit in Mesha Gerkins October 11, 2018 complaint filed against Defendant in a separate action, referenced in Paragraph 7 of the Motion.  This separately filed action strategically occurred one day before the three-year statute of limitations would have run on the case for her personal injury claim.  This action is further evidence that Ms. Gerken did not intend for Defendant to be named as a third-party in this

suit on July 11, 2018.

The timing is crucially important here, because Plaintiff's Motion attempts to distract the court from the irrefutable truth that Mr. Miles was named by Ms. Gerken as a defendant long before she hired an attorney and attempted to circumvent his right to removal to federal court by naming him as a third-party in a separate lawsuit. *See generally* Exhibit "B". Ms. Gerken chose to bring Mr. Miles into this litigation as a Defendant and should not now be allowed to thwart Mr. Miles's rights to removal to federal court.

Plaintiffs correctly state in their Motion that *Home Depot v. Jackson* does not permit a third-party counterclaim defendant to remove a claim from state court to federal court. *See Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1747, 204 L. Ed.2d 34 (2019). However, *Home Depot* should not be fatal to Defendant's attempts to preserve his rights to removal as a properly named defendant under 28 U.S.C.A. § 1441(a), because Mr. Miles remains a defendant as described in the statute. *Home Depot* held that a third-party defendant is not a defendant under Section 1441(a), and therefore cannot remove a state case to federal court under said statute. *See generally Id.,* at 1764. In *Home Depot,* the third-party defendant was not an original party to the suit or any related suits prior to being named as a third-party defendant. *Id.* The facts of this case are clearly distinguishable, because unlike the third-party defendant in *Home Depot*, Mr. Miles was named a defendant by a Third-Party Plaintiff prior to being named a third-party defendant in this suit.

This argument is only strengthened by the fact that Third-Party Plaintiffs' claims against Defendant here are identical to the claims alleged against Mr. Miles where he was named as a defendant. Defendant was always an original defendant under the claims alleged by Third-Party Plaintiffs, as evidence by Ms. Gerken's original filing against him and the continued virtually

identical nature of the claims in the two lawsuits.

Furthermore, under the Court's analysis in *Home Depot*, Mr. Miles would be considered an original defendant due to the original action against Defendant by Ms. Gerken. *Id.*, at 1749 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L.Ed. 1214 (1941), explaining that third-party must have a role in selecting the forum for the suit to have the ability to remove to federal court). As a defendant in the original action filed against him, Mr. Miles undoubtedly has a role in selecting the forum as a defendant living outside of the state of New Mexico and given Plaintiffs refusal to confirm the amount in controversy to be sought. Defendant therefore properly sought to have these claims removed to federal court to insure an unbiased forum. Plaintiff's attempts to hide behind their erroneously filed third-party action against Mr. Miles should not be allowed to thwart this right.

Finally, Plaintiffs attempts to collect attorney's fees are not justified here, as Defendant clearly has a good faith argument for removal to federal court. The standard, as Plaintiffs explain in their Motion, is an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendant reasonably believes that he is a proper party to remove this case to federal court for the reasons explained in this Response. Again, Ms. Gerken chose to file her action against Mr. Miles separately from this action, before latter naming him as a third-party defendant under the same allegations claimed in the original filing. *Home Depot*, does not address this particular set of facts, and provides support to Mr. Miles's contention that he is an original defendant in these matters.

Plaintiffs own timeline of events show that Defendant was an original defendant under the Section 1441(a). As the allegations in both cases against Defendant by Plaintiffs are identical and arise out of the same transaction of events, defendant has moved for these cases to be consolidated.

As an original defendant in the consolidated case, Defendant would have a right to remove to federal court. For this reason, Defendant requests that his Motion to Consolidate be considered and decided prior to any other pending motions in these cases. Accordingly, Third-Party Plaintiffs' Motion to Remand should be denied as Defendant is a proper party to remove the case under Section 1441(a).

**WHEREFORE**, Defendant prays the Court reserves any decision on this motion until Defendant's Motion to Consolidate is decided and denies Third-Party Plaintiffs' Motion Remand.

Respectfully submitted,

**DEGRAAUW LAW FIRM, P.C.**

By: ___/s/ Bryan M. Rowland___
J. Andrew deGraauw
Bryan M. Rowland
*Attorneys for Defendant*
316 Osuna Road, NE - Suite 302
Albuquerque, NM 87107
Telephone: (505) 322-2144
drew@dglawfirmpc.com
natasha@dglawfirmpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019, I filed the foregoing pleading electronically through the CM/ECF, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

David Z. Ring
AEQUITAS LAW OF NEW MEXICO
5901 Wyoming Blvd. NE, Ste. J-300
Albuquerque, NM 87109
Phone: (505) 263-8929
dave@aequitas.pro

Richard M. Padilla
Jeffrey M. Mitchell
O'Brien & Padilla, P.C.
6000 Indian School Rd. NE, Ste. 200
Phone: (505)883-8181
rpadilla@obrienlawoffice.com
jmitchell@obrienlawoffice.com


 */s/  Bryan M. Rowland*
J. Andrew deGraauw
Bryan M. Rowland