IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,

    Plaintiff,

vs.                                                      No. CIV 19-864 KG/LF

MESHA L. GERKEN,

    Defendant,

and

MESHA L. GERKEN,

    Counter-Plaintiff,

vs.

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,

    Counter-Defendant,

and

MESHA GERKEN, BRENDAN STARKEY, and
HEATHER STARKEY,

    Third-Party Plaintiffs,

vs.

DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,

    Third-Party Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Counter-Plaintiff/Third-Party Plaintiff Mesha L. Gerken, Third-Party Plaintiff Brendan Starkey, and Third-Party Plaintiff Heather Starkey's Motion to Remand and for Costs, filed October 10, 2019. (Doc. 13). Third-Party Defendant Domenic Charles Miles filed a response on October 24, 2019, and the Third-Party Plaintiffs filed a reply on November 8, 2019. (Docs. 22 and 26). Having considered the parties' briefing, the record of the case, and applicable law, the Court grants the Third-Party Plaintiffs' Motion to Remand and remands the case to state court.

*I. Procedural Background*

This case stems from a road rage incident involving the occupants of a vehicle driven by Ms. Gerken and a motorcycle driven by Mr. Miles. (Doc. 1-1). Mr. Miles filed a claim with his insurer, Progressive Direct Insurance Company ("Progressive"), and Progressive paid Mr. Miles a lump sum. (Doc. 8) at 3. On May 15, 2018, Progressive filed a subrogation claim against Ms. Gerken in state court seeking reimbursement of the amount paid to Mr. Miles. (Doc. 13) at 2 ("*Progressive v. Gerken*" or "first state case"). On July 11, 2018, Ms. Gerken, proceeding *pro se*, filed an answer and asserted counterclaims against Progressive. (Doc. 22-1) at 1-10.[1] On October 11, 2018, Ms. Gerken, still proceeding *pro se*, filed a separate case in state court against Mr. Miles. (Doc. 13) at 2 ("*Gerken v. Miles*" or "second state case"). In April 2019, Ms. Gerken obtained counsel for both state court actions. *Id.* at 3. On July 7, 2019, in *Progressive v. Gerken* Ms. Gerken filed an amended answer to the complaint, amended counterclaims against Progressive, and asserted third-party claims against Mr. Miles. (Doc. 22-2). On September 18,

---

[1] In the Motion to Remand, Ms. Gerken states that she also asserted third-party claims in this pleading, but it only includes counterclaims against Progressive. *Compare* (Doc. 13) at 2 *with* (Doc. 22-1).

2019, Mr. Miles removed both state cases to federal court based on diversity jurisdiction, with *Gerken v. Miles* initiating Case No. 19-860 WJ/SCY, and *Progressive v. Gerken* initiating Case No. 19-864, KG/LF.

In the Motion to Remand, Ms. Gerken contends the United States Supreme Court case *Home Depot USA v. Jackson*, 139 S.Ct. 1743 (2019), clearly holds that a third-party defendant is not permitted to remove a case from state to federal court. (Doc. 13) at 4-5. Therefore, Ms. Gerken asks the Court to remand this case to state court and award her attorney fees and costs incurred in bringing the Motion to Remand. *Id.* at 6-7.

In response, Mr. Miles acknowledges that pursuant to *Home Depot* a third-party defendant cannot remove a claim to federal court. (Doc. 22) at 3. Nevertheless, Mr. Miles argues Ms. Gerken named him as a third-party defendant in the *Progressive v. Gerken* state case "to circumvent his right to removal to federal court." *Id.* Mr. Miles contends that he should be allowed to remove this case because he was named as an original defendant in the *Gerken v. Miles* case before he was named as a third-party defendant in this case and because Ms. Gerken alleges identical claims against him in both cases. *Id.* at 3-4. Mr. Miles notes that he has filed a motion to consolidate in 19cv860 (Doc. 14), and he asks the Court to rule on the motion to consolidate before ruling on the Motion to Remand. *Id.* at 4-5. In addition, Mr. Miles disputes that Ms. Gerken should be awarded fees and costs if the case is remanded. *Id.*

In reply, Ms. Gerken maintains that *Home Depot* forecloses Mr. Miles' ability to remove this case as a third-party defendant. (Doc. 26) at 2-3. Ms. Gerken explains that she filed the *Gerken v. Miles* case when she was proceeding *pro se* because she was incorrectly advised that she had to sue Mr. Miles in a separate action. *Id.* at 4. Ms. Gerken states that prior to removal, she tried to remedy the duplicate cases in state court by filing a motion to consolidate and trying

3

to voluntarily dismiss *Gerken v. Miles*. *Id.* at 4-5. However, Ms. Gerken argues the cases cannot be consolidated in federal court because the Court does not have jurisdiction over *Progressive v. Gerken* as it was improperly removed by a third-party defendant. *Id.* at 2-4. Ms. Gerken also reasserts her request for attorney fees and costs. *Id.* at 5.

II. Analysis

    A. *Order of Decisions*

Mr. Miles asks that the motion to consolidate filed in *Gerken v. Miles* be decided prior to the Motion to Remand because, "[a]s an original defendant in the consolidated case, [Mr. Miles] would have a right to remove to federal court." (Doc. 22) at 5. The Court disagrees and finds that the Motion to Remand should take priority over the motion for consolidation for several reasons. First, federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). As the party invoking the Court's jurisdiction, Mr. Miles carries the burden of demonstrating that the requirements for exercising jurisdiction are present, and the Court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, the Court should determine that it has subject matter jurisdiction before ruling on other motions.

In addition, removal jurisdiction is determined at the time of removal and cannot be remedied by later action, such as consolidation. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."). While Mr. Miles asserts that his right to removal is based on his status as an original defendant in *Gerken v. Miles*, the Court must look at the parties in this case

at the time of removal to determine jurisdiction. Finally, the Court notes there is no motion to remand pending in the *Gerken v. Miles* action so the Court does not run the risk of potentially inconsistent rulings if it decides the jurisdictional issue prior to consolidation. For these reasons, the Court will not wait to decide the Motion to Remand. *See Randolph v. Forsee*, 2010 WL 3943635, *2 (D. Kan.) ("The Court finds that the motion to remand should take priority over the motion for consolidation."); *Neely v. Union Nat. Ins. Co.*, 2002 WL 32397266, *6 (S.D. Miss.) ("If a case is not properly removed, then it is not 'pending before the court;' thus the court lacks jurisdiction to consolidate the case with other causes of action.").

   B. *Subject Matter Jurisdiction*

   Section 1441(a) permits "the defendant or the defendants" in a state-court civil action over which the federal courts would have original jurisdiction to remove that action to federal court. 28 U.S.C. § 1441(a). District courts have original diversity jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. There is a presumption against removal jurisdiction, and "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

   The parties agree the Court has original diversity jurisdiction over this case. However, Ms. Gerken contends the case cannot be removed because Mr. Miles is not a "defendant" in the state-court action. (Doc. 13) at 5. The United States Supreme Court in *Home Depot* recently considered whether the term "defendant" in Section 1441(a) encompasses a party brought into a lawsuit to defend against a claim filed by the original defendant, or whether the statute limits removal authority to the original defendant. 139 S.Ct. at 1747. In that case, Citibank, N.A., filed

a debt-collection action against Mr. Jackson in state court alleging he was liable for charges incurred on a Home Depot credit card. Mr. Jackson filed a counterclaim against Citibank and third-party claims against Home Depot and Carolina Water Systems, Inc., arguing Home Depot and Carolina Water Systems schemed to induce homeowners to buy water treatment systems at inflated prices. *Id.* Citibank later dismissed its claims against Mr. Jackson, and Home Depot then removed the case to federal court. *Id.* Mr. Jackson filed a motion to remand, which was granted by the district court, and upheld by the Fourth Circuit Court of Appeals and the United States Supreme Court, on the basis that Home Depot was not a "defendant" under Section 1441(a). *Id.* at 1748.[2]

The United States Supreme Court based its holding on existing precedent and statutory text, and opined that Section 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* After all, the Supreme Court reasoned, "original jurisdiction" is based on an evaluation of "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* The *Home Depot* Court further explained that "[t]he use of the term 'defendant' in related contexts bolsters our determination that Congress did not intend for the phrase 'the defendant or the defendants' in § 1441(a) to include third-party counterclaim defendants." *Id.* at 1749 (noting Rule 14 distinguishes between "the plaintiff," a "defendant" who becomes the "third-party plaintiff," and "the third-party defendant" sued by the original

---

[2] Because Mr. Jackson brought class action counterclaims against Home Depot and Carolina Water Systems, Home Depot was granted permission to appeal the remand order pursuant to the Class Action Fairness Act. *See Home Depot*, 139 S.Ct. 1747; 28 U.S.C. § 1453(c)(1) (providing exception to general rule under Section 1447(d) that orders remanding to state court are not reviewable on appeal).

6

defendant, and Rule 12 specifies when a "defendant must serve an answer" and when a "party must serve an answer to a counterclaim"). The Supreme Court also stated that finding otherwise "makes little sense in the context of other removal provisions," such as Section 1446(b)(2)(A), which provides that all defendants must consent to removal. *Id.* at 1750. "Under Home Depot's interpretation, 'defendants' in § 1446(b)(2)(A) could be read to require consent from the third-party counterclaim defendant, the original plaintiff (as a counterclaim defendant), *and* the original defendant asserting claims against them." *Id.*

A straightforward application of *Home Depot* precludes Mr. Miles' right to remove the *Progressive v. Gerken* case to this Court. Mr. Miles was brought into the state case as a third-party defendant after Progressive filed its original complaint against Ms. Gerken. Because *Home Depot* holds that third-party defendants are not "the defendant or the defendants" who are authorized to remove under Section 1441(a), Mr. Miles has no removal rights here.

Nevertheless, Mr. Miles argues his status in *Gerken v. Miles* as an original defendant satisfies Section 1441(a) for this case. He provides no authority for this assertion, however. Moreover, as explained in *Home Depot*, the original jurisdiction inquiry focuses on whether the original complaint could have been filed in federal court in the first place, which the parties agree could not have happened here because Progressive and Ms. Gerken are not diverse parties. *See Home Depot*, 139 S.Ct. at 1748. Importantly, the operative complaint here is the one filed by Progressive against Ms. Gerken, and Mr. Miles cites nothing in the removal statutes or legal authority that allows the Court to disregard the operative complaint and rely on the third-party complaint or the complaint in a separate lawsuit. *See id.* ("[T]he civil action of which the district court must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, [and]

the defendant to that action is the defendant to that complaint, not a party named in a counterclaim.") (citation and internal quotation marks, ellipses, and brackets omitted).

    *C. Attorney Fees and Costs*

Ms. Gerken asks the Court for an award of fees and costs incurred as a result of the case being removed to this Court. (Doc. 13) at 6-7. Ms. Gerken states that Mr. Miles "attempted to remove this case despite the U.S. Supreme Court having ruled that he had no right to do so." *Id.* at 6. Mr. Miles, however, argues he has an objectively reasonable argument for removal because Ms. Gerken sued him in *Gerken v. Miles* before bringing identical claims against him as a third-party defendant in this case. (Doc 22) at 4.

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (citation omitted). Instead, the decision to award fees and costs is within a court's discretion, and, absent unusual circumstances, a court may award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (rejecting argument that fees should be awarded automatically or that there should be strong presumption in favor of awarding fees upon granting motion to remand).

The United States Supreme Court's holding in *Home Depot* squarely foreclosed Mr. Miles' right to remove this case as a third-party defendant. As such, Mr. Miles lacked an objectively reasonable basis for seeking removal. The Court, therefore, awards Ms. Gerken reasonable attorney's fees and costs incurred as a result of the removal.

IT IS ORDERED that:

1. Ms. Gerken's Motion to Remand and for Costs, (Doc. 13), is granted;

2. This case will be remanded to the Second Judicial District Court for the State of New Mexico, County of Bernalillo;

3. Ms. Gerken's request for an award of attorney's fees and costs is granted;

4. Ms. Gerken must submit an application for reasonable attorney's fees and costs within 14 days of entry of this Memorandum Opinion and Order; and

5. Mr. Miles has an additional 14 days to file any objection to the application.

_____
UNITED STATES DISTRICT JUDGE