IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE DIRECT INSURANCE COMPANY
d/b/a PROGRESSIVE NORTHERN INSURANCE
COMPANY,
 Plaintiff,

v.               Cause No. 1:19-cv-00864 -JHR-LF

MESHA L. GERKEN,
 Defendant,

and

MESHA L. GERKEN
 Counter-Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY
d/b/a PROGRESSIVE NORTHERN INSURANCE
COMPANY,
 Counter-Defendant,

and

MESHA L. GERKEN, BRENDAN STARKEY and
HEATHER STARKEY,
 Third-Party Plaintiffs,

v.

DOMENIC CHARLES MILES, and PROGRESSIVE
DIRECT INSURANCE COMPANY d/b/a
PROGRESSIVE NORTHERN INSURANCE
COMPANY,
 Third-Party Defendants.

**THIRD-PARTY DEFENDANT DOMENIC CHARLES MILES'S OBJECTION TO
APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS INCURRED IN
SECURRING THE ORDER TO REMAND**

  Third-Party Defendant Domenic Charles Miles (hereinafter, "Third-Party Defendant" or

"Defendant"), by and through his attorneys, DEGRAAUW LAW FIRM, P.C. (J. Andrew deGraauw

and Bryan M. Rowland), pursuant to the Court's Memorandum Opinion and Order (*Doc. No. 28*) granting the Gerken-Starkey Family's Motion to Remand and for Attorney's Fees, hereby submits his Objection to Third-Party Plaintiff's Mesha L. Gerken, Heather Starkey, and Brendan Starkey's (hereinafter, "Gerken-Starkey Family") Application for Reasonable Attorney's Fees and Costs, and as grounds in support thereof, states as follows:

## INTRODUCTION

The Gerken-Starkey Family has requested an award of $12,381.89 for work performed by attorney David Z. Ring and attorney Anna C. Martinez. In support for this unreasonable request, Mr. Ring and Ms. Martinez executed Affidavits of Costs and Fees for time worked on the above captioned case between 08/18/2019 and 12/06/2019, and attached these affidavits as exhibits to the Application for Reasonable Attorney's Fees and Costs Incurred in Securing the Order to Remand (*Doc. No. 31*). Mr. Ring documents 40.7 hours spent at a rate of $235.00 per hour, including New Mexico Gross Receipts Tax at 7.875%, totaling $10,241.65 in fees. Ms. Martinez documents 8.4 hours spent at a rate of $225.00 per hour, including New Mexico Gross Receipts Tax at 7.875%, totaling $2,140.24 in fees

The affidavits produced are insufficient in calculating reasonable attorney fees as they are not meticulous and contemporaneous time records and they do not sufficiently document how the hours claimed were allotted to specific tasks. Additionally, the affidavits document several entries that appear to be unnecessary, irrelevant, or duplicative, making such claimed hours unreasonable. For these reasons, the court should deny the application as presented, or in the alternative, significantly reduce the award by winnowing down the hours claimed to the hours reasonable expended.

## STANDARD OF REVIEW

"In calculating a reasonable attorney fee, the court must first determine the number of hours

counsel reasonably expended on the litigation." *Sheldon v. Vermonty*, 237 F.Supp.2d 1270, 1275 (D. Kan. Nov. 8, 2002); *see also Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249 (10th Cir. 1998).  The burden is on the applicant to prove the hours billed by each attorney are reasonable by "submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* at 1250.  The court is then "justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.* (citing *Jane L. v. Bangerter,* 61 F.3d 1505, 1517 (10th Cir. 1995)).

After the court has determined adequate time records before it, it must then ensure that the applicant has exercised "billing judgement." *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1998)).  Such judgment consists of "winnowing the hours actually expended down to the hours reasonable expended." *Id.*  For example, an attorney may not recover fees that could not be billed to a client, as these fees would be presumptively unreasonable. *Id.*  Finally, "the district court should look at the hours expended on each task to determine if they are reasonable." *Id.*  The court may then reduce the reasonable hours awarded if the number of hours claimed by counsel includes "hours that were unnecessary, irrelevant and duplicative." *Id.* (citing *Ramos*, 713 F2d at 553-54).

## **ARGUMENTS**

Mr. Ring and Ms. Martinez have failed to submit meticulous and contemporaneous time records, and the court should reject or reduce the number of hours presented as imprecise, and on numerous occasions failed to show how either attorney utilized large blocks of time.  Generally described hours and blocked out hours in whole numbers can call into question whether the time keeping was contemporaneous.   *See generally Sheldon*, 237 F.Supp.2d at 1277 (Persuasively discussing time keeping that does not comport with the Tenth Circuit court's standards for

3

reasonableness.)  Such billing is evidence that applicant has failed to meet his burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L.*, 61 F.3d at 1510.  For example, Mr. Ring appeared to have "block billing" on 09/18/2019, 09/20/2019, 09/27/2019, 10/10/2019, 10/25/2019, 10/30/2019, 11/18/2019, 11/23/2019, and 12/06/2019.  Ms. Martinez appeared to have "block billed" on 10/10/2019 and 09/20/2019.  These examples include generalized notes describing the work completed as "Westlaw research remand/removal", "Finalize drafting and file Motion to remand", and "Research; drafting RES to MO Dismiss on SOL – Tolling."  *See* Exhibits No. 1 and 2 of Doc. No. 31.  The billings on these dates were all large billable hours with very generalized descriptions of one or more actions, with no detailed descriptions explaining the length of time each action took and the work completed for each action.

These "block billings" create imprecise documentation of legal actions completed by Mr. Ring and Ms. Martinez.  For example, Mr. Ring on 09/19/2019 claims three hours simply described as "Westlaw research remand/removal."  From the description, there is no way of determining to what extent research was completed on the remand matter and three hours of time spent on this research is certainly suspect given the limited case law used by Third-Party Plaintiff in their Motion to Remand, Doc. No. 13.  Furthermore, the block billing of 4.9 hours on 10/10/2019 and simply described by Mr. Ring as "finalize drafting and file Motion to remand", describes a clerical action that certainly should not be billed at an attorney rate and very generically describes finalizing a draft of something without any breakdown of time and description of what was being finalized.  The court is left to perhaps assume counsel spent some portion of 4.9 hours finalizing the draft of the motion to remand, which is certainly excessive considering the motion was only six pages in written length.

Furthermore, counselor's affidavits document several examples of unnecessary, irrelevant, and duplicative billings.  The court may reduce billing time because applicant took more time than necessary to complete certain tasks or the work itself was unnecessary.  *See Sheldon,* 237 F.Supp.2d

at 1276 (Persuasively discussing the reasons Plaintiff's fees would be reduced as unnecessary or irrelevant).  Here, counselors attempt to claim unnecessary and irrelevant billings, such as communications with defense counselor prior to the above captioned case being removed to federal court (*see* 08/18/2019 entry by Mr. Ring, Doc. No. 31-1), meeting with "law clerk" to divide "research tasks" (*see* 09/19/2019 entry by Mr. Ring, Doc. No. 31-1), finalize MO for EXT: edit: file 9 (*see* 10/10/2019 entry by Mr. Ring, Doc. No. 31-1), review RES in OPP to MO extend deadline *(see* 10/11/2019 entry by Mr. Ring, Doc. No. 31-1), and time spent on motion to consolidate *(see* 10/30/2019 entry by Mr. Ring, Doc. No. 31-1).  These claimed billings are unnecessary and irrelevant because they either document actions that took place prior to the removal of the case, meetings with law clerks with no explanation of what work was discussed and how it is relevant or necessary to this case, and all actions related to Plaintiff's motion to extend the deadline for filing their response to Defendant's Motion to Dismiss.  Defendant should not be responsible for attorney fee's associated with Mr. Ring's admitted mistake in not calendaring court deadlines properly and his failure to make a single attempt to request for an extension of time to file his client's response.  *See Id.* (Persuasively discussing the appropriateness of reducing fees for unnecessary expenditure of judicial resources caused by poor quality of Plaintiff counsel's pleadings and mistakes).  A simple phone call or email requesting an extension would have made unnecessary the legal work claimed by Mr. Ring to resolve his mistake.

Finally, many of Mr. Ring and Ms. Martinez's billings appear to be or may be duplicative to work completed on Case No. 1:19-cv-00860-WJ-SCY.  Not in dispute is that Third-Party Plaintiff's filed identical actions against Third-Party Defendant.  On 09/25/2019, Third-Party Defendant filed similar Motions to Dismiss Plaintiff's complaints in both Case No. 1:19-cv-00684-JHR-LF and 1:19-cv-00860-WJ-SCY.  Counsels now attempt to seek attorney's fees for work completed in response to Defendant's Motion to Dismiss without providing any breakdowns of time completed on the

identical filings and pleadings. *See* 09/19/2019, 09/27/2019, 10/10/2019, 10/11/2019, 10/30/2019, and 11/18/2019 entries by Mr. Ring, Doc. No. 31-1, and 09/26/2019 and 10/10/2019 entries by Ms. Martinez, Doc. No. 31-2). Mr. Ring and Ms. Martinez ask the court to guess at whether these billings were properly segmented from 1:19-cv-00860-WJ-SCY, or whether they are claiming that all work done that related to both cases should fall under the Courts award for attorney fees associated with Case No. 1:19-cv-00684-JHR-LF. What is not disputable is that the time being claimed is for work on briefs that were identical in both cases. These fees should be rejected by the court as unrelated to Third-Party Plaintiffs' securing of the Order to Remand, or alternatively, be significantly reduced as applicants failed to show how the work is not duplicative to identical work completed on Case No. 1:19-cv-00860-WJ-SCY.

**WHEREFORE**, this Third-Party Defendant requests that the Court deny Third-Party Plaintiffs' Application for Reasonable Attorneys' Fees And Costs in Securing the Order to Remand because applicants failed their burden to prove and establish the reasonableness of the claimed billings by submitting meticulous, contemporaneous time records and by producing hours that were unnecessary, irrelevant and duplicative. Alternatively, Third-Party Defendant requests that the court significantly reduce Third-Party Plaintiffs' claimed billings due to the unreasonableness of the claimed billings for all the reasons stated herein and any and all further relief the Court deems just and proper.

Respectfully submitted,

**DEGRAAUW LAW FIRM, P.C.**

By: ___*/s/   Bryan M. Rowland*___
      J. Andrew deGraauw
      Bryan M. Rowland
      *Attorneys for Defendant Miles*
      316 Osuna Road, NE - Suite 302
      Albuquerque, NM 87107
      (505) 322-2144
      drew@dglawfirmpc.com
      bryan@dglawfirmpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2019, I filed the foregoing pleading electronically through the CM/ECF, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

David Z. Ring
AEQUITAS LAW OF NEW MEXICO
5901 Wyoming Blvd. NE, Ste. J-300
Albuquerque, NM 87109
Phone: (505) 263-8929
dave@aequitas.pro


Richard Padilla
O'BRIEN & PADILLA, P.C.
6000 Indian School Road, NE Ste. 200
Albuquerque, NM  87110
(505) 883-8181
rpadilla@obrienlawoffice.com


James J. Eufinger
Jonathan L. Schoener
FARBER AND BRAND, L.L.C.
PO Box 10110
Columbia, MO  65205
nm.fandb1@fnbnotices.com
jje@faberandbrand.com


  */s/ Bryan M.  Rowland*
J. Andrew deGraauw
Bryan M. Rowland