**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,
                           **Plaintiff,**

v.

MESHA L. GERKEN,
                           **Defendant,**

and,

MESHA L. GERKEN,
                    **Counter-Plaintiff,**

v.                                              **19-cv-00864 KG/LF**

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,
                    **Counter-Defendant,**

and,

MESHA GERKEN, BRENDAN STARKEY,
and HEATHER STARKEY,
                        **Third-Party Plaintiffs,**

v.

DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE
COMPANY, d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,
                        **Third-Party Defendants.**

**REPLY IN SUPPORT OF APPLICATION FOR REASONABLE ATTORNEYS' FEES
AND COSTS INCURRED IN SECURING THE ORDER TO REMAND (DOC. #31)**

       Defendant/Counter-Plaintiff/Third-Party Plaintiff Mesha L. Gerken, Third-Party Plaintiff

Brendan Starkey, and Third-Party Plaintiff Heather Starkey (hereinafter referred to jointly as "the

Gerken-Starkey Family"), pursuant to the Court's Order granting the Gerken-Starkey Family's

Motion to Remand and for Attorney's Fees, for their Reply in support of their application for

1

reasonable attorneys' fees and costs, and in opposition to Third-Party Defendant Domenic Charles Miles Objection (Doc.  No. 33) to said application, aver as follows:

I.      *Although Third-Party Defendant's Claims about a Lack of "Meticulous and Contemporaneous" Time Tracking Are Unfounded, He Also Ignores the Basis for this Fee Award. A Petition for Fees under a Fee-Shifting Statute—which is the Origin of the "Meticulous and Contemporaneous" Standard—Is Not Applicable. The Fee Award in this Case Is a Sanction and the Court Is Free to Set it at Any Amount it Deems Appropriate.*

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A fee award under § 1447(c) is "left to the district court's discretion…its judgment is to be guided by sound legal principles." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 139 (2005)(internal quotations and citations omitted). There is no limitation on the information this Court may choose to rely upon in determining appropriate fees to be awarded as a result of Third-Party Defendant Domenic Charles Miles' decision to remove this action without an objectively reasonable basis. The Court has already determined that a fee award is appropriate.

That Third-Party Defendant Domenic Charles Miles now asks the Court to reject Third-Party Plaintiffs' attorneys' affidavits because the affidavits allegedly fail to meet the "meticulous and contemporaneous" standard set forth in cases involving a fee-shifting *statute* further demonstrates that Third-Party Defendant still does not grasp the waste of time and resources his filings caused. More importantly, claiming that counsel's hours accounting must be rejected based upon a technical limitation in fee-shifting statutory awards flatly ignores the fact that this Court has the *inherent* power to levy sanctions in response to abusive litigation practices. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). The Court can also sanction parties to regulate its docket, promote judicial efficiency, and deter frivolous filings. *See Clark v. Meijer, Inc*., 376 F. Supp. 2d 1077, 1084, (D.N.M. 2005).

In short, in determining the appropriate fees to be awarded under Section 1447(c), the Court is not constrained by specificity standards set in or about fee-shifting statutes. Third-Party Defendant's reliance upon the rubric of fee-shifting statutes is misplaced. *See Obj.* at p. 3 (*citing Sheldon v. Vermonty, 237 F.Supp.2d 1270, 1275 (D. Kan. Nov. 8, 2002)*)(a case awarding fees under Kansas Securities Act)*; and citing Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998)*)(a case awarding fees under 42 U.S.C. § 1988)*.

## II.       The Purpose of a Fee-Shifting Statute is Different from the Purpose of a Sanction

Fee-shifting statutes, like 42 U.S.C. § 1988, are designed to encourage litigation. The existence of fee-shifting statutes is often a primary motivation for plaintiffs' attorneys to accept civil rights claims or other claims with fee-shifting. As such, there are specificity requirements when a litigant seeks an award of those fees. A civil rights case taken to trial can often involve hundreds of hours, and asking the Court to review hundreds of hours of submitted billing would be impractical. In this matter, the affidavits, though detailed, are no more than two pages each and are not nearly as burdensome to review. Moreover, while fee-shifting statutes are designed to encourage a desirable behavior, a sanction is designed to discourage a party from undesirable behavior. The Court found that Third-Party Defendant Miles attempted to remove this action without an objectively reasonable basis for so doing. The Gerken-Starkey family had no choice but to litigate this issue knowing that an award of fees was wholly discretionary. To allow Third-Party Defendant Miles to escape a foreseeable consequence of his actions would undermine the purpose behind the award of attorneys' fees. The Court decided that the removal was not filed with the requisite basis and already awarded fees. The amount of those fees will be as much or as little as this Court deems appropriate, and the Gerken-Starkey family is certainly aware that the Court

may elect to reduce the amount that they seek. It is not, however, undersigned counsel's obligation to demonstrate a specified level of success as it would be in a fee-shifting petition.

### III.    *Though Not Required To Meet It, Counsel's Affidavits Meet the Meticulous and Contemporaneous Standard.*

While the case law cited by Third-Party Defendant does not govern the Court's decision, as this is a fee award under 28 U.S.C. Section 1447(c) and not 42 U.S.C. Section 1988, Third-Party Defendant Domenic Charles Miles is incorrect that Third-Party Plaintiffs' counsels' affidavits do not meet the "meticulous and contemporaneous" standard for fee-shifting cases. For the reasons set forth below, should the Court decide to apply fee-shifting statute-based case law to this request, the Gerken-Starkey Family contend that the Affidavits as submitted meet that standard.

### A. *Third-Party Defendant Makes an Unfounded and Baseless Accusation/Insinuation that the Records were Not Kept Contemporaneously. The Court Should Ignore this Claim.*

In a rather quiet way, counsel makes an incendiary accusation. He does this by making a compound statement, to wit: "The affidavits produced are insufficient in calculating reasonable attorney fees as they are not meticulous **and contemporaneous** time records and they do not sufficiently document how the hours claimed were allotted to specific tasks." *See Obj.* at p. 2 (emphasis added). This compound statement contains a claim that undersigned counsel and his partner are liars. Both attorneys for the Gerken-Starkey Family clearly stated that the billing submitted was contemporaneous. Nevertheless, without a shred of proof, counsel for the Third-Party Defendant includes this objection in his litany of allegations. Perhaps, if pressed, he will claim that the word "and" in the sentence means he did not, in fact, make the allegation that the records were not kept contemporaneously and that the conjunction "and" should shield him from further rebuke. In other words, he may claim that his Objection said that The Gerken-Starkey

Family's attorneys' affidavits were not both contemporaneous *and* meticulous and *therefore* a failure to be either one of those things makes the statement true. This type of sophistry to ambiguate wholly baseless accusations against opposing counsel should not be permitted.

The Affidavits (*Doc Nos. 31-1 and 31-2*) are exactly the meticulous and contemporaneous time records that Mr. Miles claims they are not. First, as noted, the accusation that the records are not "contemporaneous" is based upon supposition and unworthy of the Court's consideration. Second, the claim that the records are not suitably "meticulous" is just plain wrong.  The Tenth Circuit Court of Appeals has set out in detail in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), the considerations for determining attorneys' fees in civil rights cases, *citing Hensley v. Eckerhart*, 461 U.S. 424 (1983) (adopting "lodestar adjustment" approach). *See also Blum v. Stenson*, 465 U.S. 886, 893 (1984). The Tenth Circuit continues to rely on *Ramos* in fee cases. *See e.g. Case v. Unified Sch. Dist*., 157F.3d 1243, 1249 (10th Cir. 1998).

**B.  *The Hours Billed are Reasonable and Third-Party Defendant Domenic Charles Miles Did Not Object to the Hourly Rate Sought*.**

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Ramos*, 713 F.2d at 552, *quoting Hensley*, 461 U.S. at 433. *See also Blum*, 465 U.S. at 888. The hourly rate that can reasonably be charged by counsel reflects such factors as counsel's "experience and special skill" in the litigated area and the quality of counsel's representation. *Blum*, 465 U.S. at 898. Notably, counsel for Mr. Miles did not object to the hourly rates requested. While the Court is free to determine an appropriate award in this instance, undersigned respectfully requests that the Court find counsels' uncontested rates to be reasonable. The Gerken-Starkey Family submits that the outcome in this matter somewhat demonstrates that their attorneys are competent and experienced.

The number of hours reasonably charged under fee-shifting reflects such factors as the "novelty and complexity of the issues," *Id.*, as well as the experience and skill of counsel and, finally, the degree of opposition encountered in the course of the litigation. *Hensley*, 461 U.S. at 434. A motion to remand is a reasonably complex pleading. The experience and skill of the Gerken-Starkey family's counsel was sufficient to secure the desired outcome for them. The final consideration, *i.e.* the degree of opposition, looms large in this case: everything about this case, and the companion case now dismissed without prejudice, has been filled with acrimonious, unnecessary litigation and argument. For example, Third-Party Defendant Domenic Charles Miles filed a six-page response in opposition to undersigned counsel's request to extend the deadline for a Response to a Motion to Dismiss by one (1) day.

With respect to the hours billed, there is no reasonable basis for Third-Party Defendant Domenic Charles Miles' claims that too much time was spent defending against his removal attempt. Undersigned counsel has consulted with more-experienced federal attorneys and will, if the Court deems it necessary or helpful, be happy to provide affidavits attesting to the reasonableness of the hours billed. Undersigned counsel did not provide this information initially because this is not, as previously noted, a fee-shifting award.

In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side. *Ramos*, 713 F.2d at 554. The hours spent by counsel in this case was necessary for their client to succeed and should be fully compensated. *Society for Good Will to Retarded Children v. Cuomo*, 574 F. Supp. 994, 999 (E.D.N.Y. 1983).

In the context of fee-billing under fee-shifting statutes the word "meticulous," means time records, attested by affidavit that provide the basis for calculating the hours on which attorneys' fees should be awarded. The Gerken-Starkey Family's attorneys' time records satisfy the *Ramos* Court's requirement that they be "meticulous [and] contemporaneous." 713 F.2d at 553. Applicant's counsel state that the time spent was reasonably necessary for the prosecution of this case. This Court's review of counsel's time sheets should satisfy it that the hours counsel spent, as set out therein, were in fact a reasonable time in which to perform the given tasks described.

Third-Party Defendant Domenic Charles Miles' Objection spends a great deal of time complaining about details when his chief complaint is that he does not want to pay for his mistaken removal. For example,  he complains that counsel's billing entry for time spent to "finalize drafting and file Motion to remand" refers to a clerical function and only refers to drafting the pleading in a "general way." *See Obj.* at p. 4. This is an invitation to unneeded additional litigation. Mr. Miles does not come out and say: 4.9 hours of motions drafting and to electronically file a pleading is excessive. Instead, he focuses on his own mischaracterization of the entry and then claims it is too ambiguous to meet the standard for a fee petition under a fee-shifting statute. The Court ordered fees as a result of Mr. Miles' attorneys' objectively unreasonable acts. Third-Party Plaintiffs' counsels' billing entries are anything but ambiguous. The cited example is an entry by an attorney and states clearly what the time was spent on, that is: counsel billed for time spent writing and a very small amount of time spent submitting the pleading to the Court. Undersigned counsel does not delegate federal pleading submissions to a paralegal or support staff. The failure to file such a pleading could be catastrophic for a client and undersigned counsel respectfully believes that prudence makes it a task best looked after by an attorney.

**IV.    If the Court is Inclined to Reduce the Gerken-Starkey Family's Attorneys' Fee, the Family Requests that the Court Direct Third-Party Defendant Miles' Attorney Also Submit Billing for His/Their Work in this Case.**

Third-Party Defendant Domenic Charles Miles claims that the time spent by undersigned counsel and Ms. Martinez was excessive. In considering that argument the Court has the authority to compel opposing counsel to disclose the time that he, or they, spent unsuccessfully litigating this removal. It is possible that the attorney(s) who worked on Third-Party Defendant's pleadings billed much less time. It is also possible that the attorney(s) complaining about Third-Party Plaintiffs' billing billed substantially similar amounts of time. Either fact would be helpful in determining the fairness of Third-Party Plaintiffs' fee application.

**V.    Segmentation is Relevant to Fee-Shifting Statutes when a Plaintiff is Successful on Some, But Not All Claims. It is Not Relevant to this Fee Award—the So-Called Duplicative Work was Necessary in Both Cases and is not Barred by Segmentation. Segmentation Bars Requesting Fees for Work that Only Went to Unsuccessful Claims.**

Mr. Miles and his counsel continue to analyze a fee award designed to discourage them from filing unfounded removal requests as though the fees were the result of a fee-shifting statute when Mr. Miles claims that undersigned counsel and Anna Martinez are required to show that fees sought are "properly segmented from [billings in] 1:19-cv-00860-WJ-SCY." *See Obj.* at p. 6. Once again, segmentation is not at issue. By way of example, the fees sought are not for a Plaintiff who secured a verdict on one count of a two-count lawsuit. In that case, only work done on the successful claim or work done that was interrelated to the successful claim should be billed. In this case, the measure of the award is up to the court to decide. There is no legal test that the Gerken-Starkey Family must meet, the decision is left to the sound discretion of the Court. No portion of the fees sought was for work done solely in companion case 19-cv-00860 WP/SCY. When the work applied to both cases, it was included because it was required to be completed in the instant

case regardless of the existence of another matter. If the Court decides that the time spent responding to the Motion to Dismiss should be divided in half, the Court is obviously free to do so. The Gerken-Starkey Family respectfully requests that the Court hold that a "failure" to "segment" time between the two cases in which Mr. Miles sought removal is not a legal test the Gerken-Starkey Family was required to meet. In addition, these Plaintiffs would also point out that no work would have been necessary in the companion case at all, had Mr. Miles agreed to the Gerken-Starkey Family's request to dismiss that case—a request that Mr. Miles only agreed to after the Remand ordered by this Court.

**VI.** *The Gerken-Starkey Family's Request for Fees on the Motion to Extend Deadline is Withdrawn. However, Undersigned Counsel Reiterates Request for Fees Resulting from Reviewing Response in Opposition to that Motion*

The Gerken-Starkey Plaintiffs withdraw their request for payment of fees for the Motion to Extend the Deadline for their Response to the Motion to Dismiss based upon a purported Statute of Limitations violation. Specifically, in the original Affidavit, undersigned counsel and his partner included time for preparing a Motion for Extension. Undersigned counsel agrees that this time is not fairly compensable. Undersigned counsel calendared the response deadline using the fifteen-day state deadline instead of the 14-day deadline used in federal courts. That was an error and the time spent drafting the Motion to Extend should not be included in the fee request. The time includes: Anna C. Martinez's work on 10/10/2019 to draft a Motion to Extend filing deadline by one day and email it to undersigned counsel, for a total of 1.4 at a rate of $225. It also includes work by undersigned counsel on 10/10/2019 when he finalized, edited, and filed the Motion to Extend for a total of 0.3 hours at a rate of $235 per hour. Including New Mexico gross receipts taxes, the Gerken-Starkey family agrees to reduce their counsel's fee bill by $415.86. Please see

*Exhibit 1: Revised Affidavit of David Z. Ring, December 31, 2019* and *Exhibit 2: Revised Affidavit of Anna C. Martinez, December 31, 2019.*

But the Gerken-Starkey Family Plaintiffs reiterate their request for fees for reviewing the lengthy and vehement response in which Third-Party Defendant Domenic Charles Miles asked the Court deny that Motion and all other attendant work necessitated by Third-Party Defendant Domenic Charles Miles' decision to fight a request for a one (1) day deadline extension. In addition, the Gerken-Starkey Family ask that Court to take note of the wholly baseless claim that "A simple phone call or email requesting an extension would have made unnecessary the legal work claimed by Mr. Ring to resolve his mistake." *See* Obj. at 5. The claim is disingenuous.

Obviously, Mr. Miles and his counsel were not going to agree to the extension—otherwise how can Mr. Miles, or his lawyer, claim that the Response in Opposition was not filed in bad-faith? Mr. Miles first sought removal when his attorney knew, or a reasonable lawyer would have known, that the removal was not available—which counsel communicated to him via email prior to removal on August 18th, 2019 (first entry of counsel's affidavit; *Doc. 31-1; Obj.* p. 5, ¶ 1). Mr. Miles' counsel then fought tooth and nail to maintain the removal. Similarly, he fought the Gerken-Starkey Family's request for a one (1) day deadline extension.

Now Mr. Miles and his lawyers present themselves as though they lost a trial before a jury on the merits of a claim. That is not yet the position in which Mr. Miles finds himself. Mr. Miles and his counsel are reticent to accept the fact that the fees awarded in this case were based upon the failure by Mr. Miles' counsel to keep abreast of the law on removal before attempting to remove. There is no fee-shifting statute to mitigate the consequences of removal. Allowing the litigant who both wasted this Court's resources and those of the Gerken-Starkey Family's counsel to escape a fair measure of fees as a result of those actions would be inequitable.

### VII. *The Gerken-Starkey Family Request Additional Fees for the Litigation of the Fees in this Matter.*

Third-Party Plaintiffs request an additional 10.1 hours at $235/hour for the work done by undersigned counsel to present and defend the application and affidavits setting forth the fees requested, reviewing the response in opposition, and preparing the instant reply brief. That represents 3.1 hours of reading, review and analysis of Mr. Miles' objections on 12/28/2019; 2.4 hours of legal research on fee standards on 12/30/2019; and 4.6 hours drafting the instant Reply on 12/31/2019. In total, Third-Party Plaintiffs request an additional $**2,560.41**. The Tenth Circuit has held that when an attorney substantially prevails in a contested motion for attorney's fees, they are entitled to be compensated for the time litigating the fee award. *Love v. Mayor, City of Cheyenne, Wyoming*, 620 F.2d 235, 237 (10th Cir. 1980). The fact that the award in this case is based upon Section 1447(C), rather than a fee-shifting statute as argued by Third-Party Defendan11t Miles, should weigh in favor of an additional award of fees. *See Exhibits 1 and 2.*

### VIII. Conclusion

Third-Party Defendant Domenic Charles Miles and his attorney(s) did not pay attention to the law before beginning the removal process. Just as Third-Party Defendant failed to comprehend that seeking removal in the face of black letter law making that removal clearly improper, he now misconstrues the standard for fees upon an award operating as a sanction. Counsel for the Gerken-Starkey Family is not obligated to demonstrate that time sought was connected to a specific factual finding or a specific count in a complaint—which would be required in a fee-shifting award following a jury trial. Instead, the Court is empowered to do what it deems appropriate, and the parties are bound to accept that decision or seek an appeal alleging abuse of discretion. The total amount that the Gerken-Starkey Family now request from the Court is the amount of $**14,473.59.**

Respectfully Submitted,
**AEQUITAS LAW OF NEW MEXICO, LLC**

**"Electronically Filed"**
/s/ David Z. Ring
Attorneys for the Gerken-Starkey Family
5901 Wyoming Blvd NE Suite J-300
Albuquerque, NM 87109
(505) 263-8929
dave@aequitas.pro

## <u>CERTIFICATE OF SERVICE</u>

      Undersigned counsel certifies that counsel of record for Plaintiff has been served a copy of the foregoing document through the Court's CM/ECF electronic document filing and delivery service on the date indicated in the Court-affixed header.

**"Electronically Filed"**
/s/ David Z. Ring
Attorney for the Gerken-Starkey Family