IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,

      Plaintiff,

v.                                           Civ. No. 19-00864 KG/LF

MESHA L. GERKEN,

      Defendant,

and,

MESHA L. GERKEN,

      Counter-Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,

      Counter-Defendant,

and,

MESHA GERKEN, BRENDAN STARKEY,
and HEATHER STARKEY,

      Third-Party Plaintiffs,

v.

DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE
COMPANY, d/b/a PROGRESSIVE
NORTHERN INSURANCE COMPANY,

      Third-Party Defendants.

MEMORANDUM OPINION AND ORDER

This case arises from a road rage incident involving the occupants of a vehicle driven by Mesha Gerken and a motorcycle driven by Domenic Charles Miles. (Doc. 1-1) at ¶¶ 46-82. Miles filed a claim with his insurer, Progressive Direct Insurance Company (Progressive), which Progressive paid. (Doc. 8) at 3.  In May 2018, Progressive filed a subrogation claim against Gerken in state court seeking reimbursement of the claim amount paid to Miles (*Progressive v. Gerken*). (Doc. 13) at 2, ¶ 1.  In July 2018, Gerken, proceeding *pro se*, filed asserted counterclaims against Progressive.  (Doc. 22-1).

In October 2018, Gerken filed a *pro se* case in state court against Miles (*Gerken v. Miles*).  (Doc. 13) at 2, ¶ 7.  In April 2019, Gerken obtained counsel for both state court actions. *Id.* at 3, ¶ 9.

In July 2019, in *Progressive v. Gerken,* Gerken filed amended counterclaims against Progressive and asserted third-party claims against Miles. (Doc. 22-2).  On September 18, 2019, Miles removed both state cases to federal court based on diversity jurisdiction.  *Progressive v. Gerken* initiated this case, Civ. No. 19-864 KG/LF, while *Gerken v. Miles* initiated Civ. No. 19-860 WJ/SCY.  Shortly thereafter, Miles filed motions to dismiss in both cases alleging violations of the applicable statute of limitations.  (Doc. 8), filed in Civ. No. 19-864 KG/LF; (Doc. 4), filed in Civ. No. 19-860 WJ/SCY.  Miles also filed a motion to consolidate the two cases, (Doc. 14), in Civ. No. 19-860 WJ/SCY.

On October 10, 2019, Defendant/Counter-Plaintiff/Third-Party Plaintiff Mersha L. Gerken, Third-Party Plaintiff Brendan Starkey, and Third-Party Plaintiff Heather Starkey (the Gerken-Starkey Family) filed an 8-page motion to remand this case and for an award of attorneys' fees and costs.  (Doc. 13).  The Gerken-Starkey Family correctly argued that *Home*

*Depot USA v. Jackson*, 139 S.Ct. 1743 (2019) held that a third-party defendant, like Miles, cannot remove a case to federal court.[1]  *Id.*  The Court, therefore, granted the motion to remand and granted the request for an award of reasonable attorneys' fees and costs under 28 U.S.C. § 1447(c).[2]  (Doc. 28).  The Court further ordered briefing on the issue of reasonable attorney's fees and costs.  *Id.*  The Court entered an Order of Remand on November 22, 2019.  (Doc. 29).

As a result of the remand, Chief District Court Judge Johnson denied the motion to consolidate, filed in Civ. No. 19-860 WJ/SCY, as moot.  (Doc. 36), filed in Civ. No. 19-860 WJ/SCY.  Then, on December 20, 2019, the parties voluntarily dismissed Civ. No. 19-860 WJ/SCY.  (Doc. 38), filed in Civ. No. 19-860 WJ/SCY.

Prior to the voluntary dismissal of Civ. No. 19-860 WJ/SCY, the Gerken-Starkey Family timely filed the instant Application for Reasonable Attorneys' Fees and Costs Incurred in Securing the Order to Remand (Docs. #28, #29) (Application) on December 6, 2019.  (Doc. 31).  On December 27, 2019, Miles filed his timely objection to the Application.  (Doc. 33).  On January 2, 2020, the Gerken-Starkey Family filed a timely reply with revised affidavits of costs and fees submitted by Attorneys David Z. Ring and Anna C. Martinez.  (Docs. 34, 34-1, and 43-2).  The Court notes that "[a]fter remand, the Court retains jurisdiction to award reasonable costs and attorneys' fees under 28 U.S.C. § 1447(c)."  *Suazo v. Taos Living Ctr., LLC*, 2018 WL 4773405, at *5 n.4 (D.N.M.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005)).  Having considered the Application, the accompanying briefings, and revised affidavits, the Court grants the Application in part as described below.

---

[1] Miles opposed the motion to remand with a seven-page response and exhibits.  (Doc. 22).  The Gerken-Starkey Family filed a six-page reply to the motion to remand.  (Doc. 26).

[2] Section 1447(c) states that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## I. *The Revised Affidavits*

The Court notes that neither revised affidavit has attached to it contemporaneous time records nor do the revised affidavits refer to contemporaneous time records. The Court further notes that Miles does not object to the hourly billing rates provided by Ring and Martinez.

### A. *Ring's Revised Affidavit*

Ring attests that he spent a total of 50.5 hours on this removed case and that his usual hourly billing rate is $235.00 per hour. (Doc. 34-1) at ¶¶ 5-6. Applying a New Mexico gross receipts tax of 7.875%, Ring seeks a total of $12,726.01 in attorney's fees. *Id.* at ¶ 7. Ring indicates that he "did not have any costs associated with this case." *Id.* at ¶ 8.

### B. *Martinez's Affidavit*

Martinez attests that she spent a total of 7.2 hours assisting on this removed case and that her usual hourly billing rate is $225.00 per hour. (Doc. 34-2) at ¶ 5. Applying a New Mexico gross receipts tax of 7.875%, Martinez seeks a total of $1,747.58 in attorney's fees. *Id.* at ¶ 6. Martinez, likewise, indicates that she "did not have any costs associated with this case." *Id.* at ¶ 7.

## II. *Discussion*

Miles opposes the Application for two reasons. First, Miles argues that Ring and Martinez "failed to submit meticulous and contemporaneous time records," and, instead, used "imprecise" and impermissible block billing. (Doc. 33) at 3. Second, Miles argues that the affidavits contain "unnecessary, irrelevant, and duplicative billings." *Id.* at 4. Miles, therefore, requests that the Court deny the Application in its entirety, "or in the alternative, significantly reduce the award by winnowing down the hours claimed to the hours reasonabl[y] expended." *Id.* at 2.

A.  *Reasonable Expenditure of Time Related to the Removal*

As an initial matter, the Gerken-Starkey Family contends that the "meticulous and contemporaneous time record" requirement applies to fee awards under fee-shifting statutes like 42 U.S.C. § 1988, not to Section 1447(c).  The Gerken-Starkey Family maintains that Section 1447(c) is not a fee-shifting statute because it authorizes fee awards as a punitive sanction for removing an action without an objectively reasonable basis.  Consequently, the Gerken-Starkey Family concludes that "in determining the appropriate fees to be awarded under Section 1447(c), the Court is not constrained by specificity standards set in or about fee-shifting statutes."  (Doc. 34) at 3.

Contrary to the Gerken-Starkey Family's argument, courts have held that Section "1447(c) is a fee-shifting statute…."  *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000); *see also Sankary v. Ringgold,* 601 Fed. Appx. 529, 530 (9th Cir. 2015) (holding that Section 1447(c) is fee-shifting statute).  "The rationale of fee-*shifting* rules is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." *Garbie*, 211 F.3d at 411 (citation omitted).  Such a rationale clearly excludes a punitive purpose.

In deciding what fees would make a plaintiff whole in a remand context, courts "are duty-bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1134 (10th Cir. 2001).  As the Tenth Circuit explained, Section 1447(c)'s "limit on actual fees to those 'incurred as a result of removal' requires the district court to conduct some sort of reasonableness inquiry." *Id.* at 1135.  For instance, fees "must reflect efforts expended to resist removal." *Id.*  Also, "unreasonably high fees are not 'incurred' as a result of removal; rather, excessive fee requests flow from, and

accumulate by means of, improper billing practices, and will not be recoverable under §

1447(c)." *Id.*

   "To determine the reasonableness of a fee request, a court must begin by calculating the

so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this

lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281

(10th Cir. 1998).  To arrive at a lodestar amount, the court "multipl[ies] the hours … counsel

reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No.*

*233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citation omitted).  "[T]he fee

applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended and hourly rates." *Id.* (citation omitted).

   Fee applicants prove reasonable hours "by submitting meticulous, contemporaneous time

records that reveal, for each lawyer for whom fees are sought, all hours for which compensation

is requested and how those hours were allotted to specific tasks." *Id.* at 1250.  The Tenth Circuit,

therefore, discourages "block billing," the practice of "lumping multiple tasks into a single entry

of time…." *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214–15 (10th Cir. 2000).  Even so, the

Tenth Circuit "has not established a rule mandating reduction or denial of a fee request if the

prevailing party submits attorney-records which reflect block billing." *Id.* at 1215.  Indeed,

counsel "is not required to record in great detail how each minute of his time was expended.  But

at least counsel should identify the general subject matter of his time expenditures." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 437 n.12 (1983).  Ultimately, the Court has an obligation to "carefully

scrutinize the total number of hours reported to arrive at the number of hours that can reasonably

be charged to the losing party, much as a senior partner in a private firm would review the

reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed

report of hours expended and work done." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983),

*overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483

U.S. 711 (1987).

In applying the above law, the Gerken-Starkey Family argues first that the Court should

ignore Miles' claim that Ring and Martinez did not keep contemporaneous time records.  Miles,

however, does not claim that Ring and Martinez failed to keep contemporaneous time records.

Instead, Miles argues that Ring and Martinez failed to submit contemporaneous time records.

*See* (Doc. 33) at 3 (arguing that Ring and Martinez "failed to submit meticulous and

contemporaneous time records").  The Gerken-Starkey Family responds to that argument by

stating that "[b]oth attorneys for the Gerken-Starkey Family clearly stated that the billing

submitted was contemporaneous."  (Doc. 34) at 4.  Ring and Martinez each specifically state in

their respective revised affidavits that "[a]ll of the information contained in this affidavit is based

upon my own firsthand knowledge; [and] [a]ll of the information contained in this affidavit is

true and correct…."  (Doc. 34-1) at ¶¶ 1 and 2; (Doc. 34-2) at ¶¶ 1 and 2.  Those statements do

not indicate that Ring and Martinez submitted contemporaneous billings, as the Gerken-Starkey

Family suggests.

This Court recently held that "affidavits should be 'accompanied by contemporaneous

time records indicating, for each attorney, the date, the hours expended, and the nature of the

work done.'"  *Quarrie v. Wells*, 2020 WL 1683450, at *2 (D.N.M.) (citation omitted); *see also*

D.N.M. LR-Cv 54.5(a) (party filing motion for attorney's fees "must submit a supporting brief

and evidence (affidavits and time records)").  On the other hand, other courts have held that "[i]n

lieu of contemporaneous time records, an applicant may submit summaries accompanied by

affidavits stating that the summaries are accurate and based on contemporaneous time records."
*Labarbera v. ASTC Laboratories Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010).

Here, neither Ring nor Martinez submitted contemporaneous time records with their revised affidavits nor did they state in their revised affidavits that they based their billings on contemporaneous time records. The Gerken-Starkey Family, therefore, has failed to meet the contemporaneous time records requirement. This deficiency provides a basis for reducing the requested fees award.

Furthermore, without directly addressing Miles' concern about block billing, the Gerken-Starkey Family argues that the revised affidavits contain "meticulous" and unambiguous billing. The Court, however, finds that Miles' concern about block billing has merits. The Court concludes that the following billing entries by Ring, totaling 11.8 hours, constitute impermissible block billing:

| | | |
|---|---|---|
| 09/18/19 | "Review Notice of Removal, attachments thereto; Memo to file, begin research on standard": 3.1 hours | |
| 10/25/19 | "Review response to MTN remand; memo to file; TC ACM": 3.2 hours | |
| 10/30/19 | "Review and annotate MTN consolidate; memo to file re implications of merging with 864; legal research": 2.6 hours | |
| 11/23/19 | "Review Order granting remand; memo opinion; research feasibility of Miles appeal": 2.9 hours. | |

(Doc. 34-1) at ¶ 4.

Miles further argues that Ring's affidavit contains unnecessary and irrelevant billing entries. For instance, Miles notes billings for communications with defense counsel prior to removal to discuss removal (0.4 hours) and a meeting with a law clerk to assign legal research (0.6 hours) are unnecessary and irrelevant. The Court, however, disagrees with Miles and finds that those particular billings are appropriate.

8

Finally, Miles argues that some of the "billings appear to be or may be duplicative to work completed on Case No. 1:19-cv-00860-WJ-SCY." (Doc. 33) at 5. Specifically, Miles contends that the Gerken-Starkey Family should not receive fees for responding to the motion to dismiss filed in both this case and in Civ. No. 19-860 WJ/SCY. Ring's billings related to the motion to dismiss total 3.7 hours:

| | |
|---|---|
| 09/25/19 | "Review and annotate MTD":  0.5 hours |
| 09/27/19 | "Review Anna C. Martinez memo on Motion to Dismiss; meet with Anna C. Martinez re:  tolling":  1.1 hours |
| 10/10/19 | "Finalize RES to MO Dismiss, edit; file":  1.8 hours |
| 10/11/19 | "Review RES in OPP to MO extend deadline" to respond to motion to dismiss: 0.3 hours. |

(Doc. 34-1) at ¶ 4.  Martinez's billings related to the motion to dismiss total 4.0 hours:

| | |
|---|---|
| 09/26/19 | "Memo on research re:  Motion to Dismiss statute of limitations":  0.8 hours. |
| 10/10/19 | "Research; drafting RES to MO Dismiss on SOL-Tolling":  3.2 hours. |

(Doc. 34-2) at ¶ 4.

In response to Miles' argument about duplicative billing, the Gerken-Starkey Family "requests that the Court hold that a 'failure' to 'segment' time between the two cases" is not the legal test for determining an award of fees under Section 1447(c). (Doc. 34) at 9. The Gerken-Starkey Family further observes that if Miles had agreed to dismiss Civ. No. 19-860 WJ/SCY, which he did after the remand, then Ring and Martinez would not have had to expend time on that case.  *Id.*

The Court agrees with the Gerken-Starkey Family that segmentation is not the test for determining a fees award under Section 1447(c). The test is whether "the billing reflects efforts to resist removal," i.e., would the plaintiff have incurred the requested fees and costs but for the

improper removal.  *See, e.g., Franklin D. Azar & Assocs., P.C. v. Farmers Ins. Exch.*, 2013 WL 5430779 at * 3 (D. Colo.) (agreeing with "assertion that '*but for* [Traveler's] improper removal, *none* of the costs and expenses … would have been incurred'").  In this case, there is no reason to believe that Miles would not have filed the motion to dismiss based on the statute of limitations but for the improper removal.  The Court finds that the billings related to the motion to dismiss do not reflect any effort to resist the removal.  The Court, therefore, will exclude those billings.

Finally, the Gerken-Starkey Family makes the following interesting request:  "If the Court is Inclined to Reduce the Gerken-Starkey Family's Attorneys' Fees, the Family requests that the Court Direct Third-Party Defendant Miles' Attorney Also Submit Billing for His/Their Work in this Case."  (Doc. 34) at 8.  The Gerken-Starkey Family explains:

> It is possible that the attorney(s) who worked on Third-Party Defendant's pleadings billed much less time. It is also possible that the attorney(s) complaining about Third-Party Plaintiffs' billing billed substantially similar amounts of time. Either fact would be helpful in determining the fairness of Third-Party Plaintiffs' fee application.

*Id.*  The Gerken-Starkey Family does not provide any legal support for this proposition.  The Court finds that billings by Miles' attorneys are not relevant to the issue of whether to award fees to the Gerken-Starkey Family under Section 1447(c).

In sum, the Court will reduce Ring's billed time by 15.5 hours and reduce Martinez's billed time by 4.0 hours for impermissible block billing and/or irrelevant billing.  In addition, the Court will reduce Ring's billed time by 9.75 hours for a total of 25.25 hours (50% of Ring's total requested time) and reduce Martinez's billed time by 0.2 hours for a total of 3.00 hours.  The Court makes this additional reduction in billed time for two reasons.  First, Ring and Martinez failed to attach contemporaneous time records to the revised affidavits or to even refer to contemporaneous time records in the revised affidavits, evidentiary support necessary to justify

the reasonableness of the billing times asserted in the revised affidavits.  Second, the time spent

on the motion to remand was excessive.  Altogether Ring and Martinez spent 13.3 hours, not

including 6.3 hours Ring impermissibly billed in block billings, on a motion to remand which

raised a single straightforward issue of whether a third-party defendant can remove a case to

federal court.[3]

### B.  Reasonable Hourly Rates

As noted above, Miles does not dispute the hourly billing rates sought by Ring and

Martinez, $235 an hour and $225 an hour, respectively.  Nonetheless, fee applicants bear the

burden of showing that the requested rates are consistent with the prevailing rates in the

community.  *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir.

2000) ("party requesting the fees bears 'the burden of showing that the requested rates are in line

with those prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience, and reputation.'" (citation omitted)). To carry that burden, fee applicants must

show by "satisfactory evidence — in addition to the attorney's own affidavits — that the

requested" hourly rates are the prevailing market rates.  *Blum v. Stenson*, 465 U.S. 886, 895 n. 11

(1984).  Here, Ring and Martinez provide only their revised affidavits to support their hourly

rates.  Even so, "[w]here a district court does not have before it adequate evidence of prevailing

market rates, the court may use other relevant factors, including its own knowledge, to establish

the rate."  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir.

2002).

---

[3] The 13.8 hours comes from Ring's 09/20/19 billing for "Westlaw research remand/removal"
(3.0 hours); Ring's 10/10/19 billing for "Finalize drafting and file Motion to remand" (4.9
hours); Ring's 10/30/19 billing for "Discuss reply MTN remand with ACM" (0.5 hours); Ring's
11/08/19 billing for "Drafting, finalize, filed REP in support of MTN Remand" (3.2 hours);
Martinez's 09/19/19 billing for "Meeting with David Z. Ring, research tasks assigned-Remand"
(0.6 hours); and Martinez's 09/20/19 billing for "Memo on research removal" (1.6 hours).

To start with, the Court notes that in 2018 it observed that it "has previously stated that $200.00 per hour is a 'relatively low rate' for attorneys in New Mexico." *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1087 n.14 (D.N.M. 2018). Indeed, awards of hourly rates of $225 an hour and higher are not atypical in this District. *See id.* (summarizing awards of attorney rates in District of New Mexico)*; see also Rehburg v. Bob Hubbard Horse Transportation, Inc.,* 2019 WL 5653958, at *2 n.1 (D.N.M.) (same). Considering those previous awards in this District, the Court's own knowledge of prevailing market rates, and Miles' non-opposition to the hourly rates Ring and Martinez request, the Court determines that the hourly rates Ring and Martinez seek, $235 an hour and $225 an hour, respectively, are reasonable.

   *C.  Conclusion*

   Applying the lodestar method to the above determinations, the Court concludes that it will award the Gerken-Starkey Family the following reasonable attorney's fees it incurred for Ring's work related to the removal:  $5,933.75 (25.25 hours x $235), plus the applicable gross receipts tax.  The Court further concludes that it will award the Gerken-Starkey Family the following reasonable attorney's fees it incurred for Martinez's work related to the removal: $675.00 (3.0 hours x $225), plus the applicable gross receipts tax.  The total Section 1447(c) fees award is $6,608.75, plus the applicable gross receipts tax.

   IT IS ORDERED that the Application for Reasonable Attorneys' Fees and Costs Incurred in Securing the Order to Remand (Docs. #28, #29), (Doc. 31), is granted in that

   1.  Third-Party Defendant Miles will pay Defendant/Counter-Plaintiff/Third-Party Plaintiff Gerken, Third-Party Plaintiff Brendan Starkey, and Third-Party Plaintiff Heather

Starkey reasonable attorneys' fees in the amount of $6,608.75, plus the applicable gross receipts tax; and

    2.  such payment must be made no later than 30 days from the entry of this Memorandum Opinion and Order.

 

UNITED STATES DISTRICT JUDGE